Joseph **OLENCHICK**, Plaintiff,

v.

John W. **GARDNER**, Secretary of Health, Education, and Welfare, Defendant.

**Civ. A. No. 67–1209.**

United States District Court
W. D. Pennsylvania.
April 29, 1968.

---

33. The Vale Royal, 51 F.Supp. 412 (DC D.Md.–1943); Allied Chemical & Dye Corp. v. Tug Christine Moran, 303 F.2d 197 (CA 2–1962).

Thomas A. Swope, Jr., of Swope & Swope, Edensburg, Pa., for plaintiff.

Gustave Diamond, U. S. Atty., by Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

On February 23, 1966, plaintiff filed with the Social Security Administration, Bureau of Disability Insurance, an application to establish a period of disability under § 216(i) of the Social Security Act, as amended, 42 U.S.C.A. § 416(i), and an application for disability insurance benefits under § 223 of the Act, 42 U.S.C.A. § 423, alleging that he became unable to engage in any substantial gainful activity on December 13, 1961.

Because a final decision of the Secretary is binding on the question of plaintiff's disability up to September 28, 1965, the issue in this action is limited to whether plaintiff was under a disability at any time from September 28, 1965 up to March 31, 1967, when he last met the special earnings requirements of the Act.[1]

Plaintiff's claims were denied by the Bureau, and at plaintiff's request a hearing was held before a hearing examiner of the Social Security Administration, Bureau of Hearings and Appeals, who also denied plaintiff's claims. On September 26, 1967, the Appeals Council of the Social Security Administration advised plaintiff that his request for review by it of the hearing examiner's decision was denied; whereupon, pursuant to § 205 (g) of the Act, 42 U.S.C.A. § 405(g), plaintiff commenced this action to obtain a judicial review of the decision of the Secretary[2] denying plaintiff's claims. With his answer to plaintiff's complaint, defendant filed a certified copy of the transcript of the record of the proceedings before the Social Security Administration in compliance with § 205(g) of the Act, supra, and subsequently moved for summary judgment.

Section 205(g), supra, provides in its pertinent part as follows:

"As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under § 205(g) and under the Administrative Procedure Act, 5 U.S.C.A. §§ 1001 et seq., we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir.1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956). "Our judicial duty therefore is to satisfy ourselves that the agency determination has warrant in the record, viewing that record as a whole, and a reason-

---

1. Plaintiff filed a prior application on September 21, 1964 alleging that he became unable to work December 13, 1961. This claim was denied by decision of a hearing examiner on September 28, 1965. Since no civil action was commenced to obtain judicial review of the Appeals Council's denial of claimant's request for review, this determination became the Secretary's final decision, binding on the issue of disability up to September 28, 1965.

2. Since the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner, his findings of fact became the findings of fact of the Secretary under § 205 of the Act. See: Hodgson v. Celebrezze, 312 F.2d 260, 261 (3d Cir. 1963), citing Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

able basis in law. [Citations omitted.]" Boyd v. Folsom, 257 F.2d 778, 781 (3d Cir.1958). See also, Braun v. Ribicoff, 292 F.2d 354, 357 (3d Cir.1961).

Section 223(d) of the Act, 42 U.S.C.A. § 423(d), as added by the "Social Security Amendments of 1967", § 158(b), 81 Stat. 868, defines "disability" for purposes of governing disability insurance benefits as follows:

"(d) (1) The term 'disability' means—

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

\* \* \* \* \* \*

"(2) For the purposes of paragraph (1) (A)—

"(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f) ) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \* \* \* \*

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

\* \* \* \* \* \*

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

"\* \* \* \* \* \*."

The definition of "disability" under § 216(i) (1) of the Act, 42 U.S.C.A. § 416 (i) (1), as amended by § 158(d), 81 Stat. 869, is the same.

The above amendments, approved January 2, 1968, are made applicable to the present case by § 158(e), 81 Stat. 869, which provides that the amendments "shall be effective with respect to applications for disability insurance benefits under section 223 of the Social Security Act, and for disability determinations under section 216(i) of such Act", where the decision in a civil action commenced under section 205(g) has not become final before the month of their enactment.

Plaintiff is a 55-year-old former coal miner whose schooling terminated in the fifth grade and who has had no further education or training. He neither reads nor writes well. Commencing at age 15 he worked in the mines for 33 years until he injured his back in December, 1961. He has not worked since, nor looked for work at any time since (T., pp. 49, 103). His entire employment was in the mines where he worked as a hand coal loader, compressor operator, cutting machine operator, rock duster and supplyman. He is married and resides with his wife, who is employed.

From the medical evidence, the examiner found that claimant's impairments were "first stage silicosis, with no significant ventilatory defect; early hypertension, controlled, without decompensation; mild congenital defect of the lumbar spine; mild osteoarthritis of the spine, hip and knee; and mild anxiety." He concluded that "claimant's impairments have not precluded him from engaging in many forms of light and/or

sedentary employment, examples of which have been cited by the vocational expert" and that claimant was not under a disability at any time down to the date of his decision. The hearing examiner did not find that plaintiff's impairments would permit him to return to his former employment in the mines.

We have reviewed the record and conclude that there is not substantial evidence to support the Secretary's decision that the plaintiff was not under a disability within the meaning of § 223(d), as amended, at any time prior to the issuance of the Secretary's decision.

For the period since September 28, 1965, the medical evidence consists of the reports and examinations of five physicians. Only Dr. McQuillan, who examined plaintiff May 8, 1967, concluded that plaintiff "is permanently and totally disabled (unable to do light work of a general nature) due primarily to moderate essential hypertension combined with stage II anthracosilicosis." Dr. McQuillan was of the opinion that each of plaintiff's impairments, "taken alone, would most probably be associated with the ability to perform light work of a general nature", but that "in view of the multiple diagnoses and the accumulative effect", he felt that plaintiff was disabled. The hearing examiner rejected Dr. McQuillan's conclusion of disability on the basis that the conclusion was not supported by the doctor's objective findings. Dr. Fees expressed no opinion as to plaintiff's ability to work. Dr. Bradley believed that he "could do sustained work for an eight hour period"; Dr. Trigiano that he could do light work of a general nature though he would not be able to do any heavy lifting; and Dr. Wright that he seemed "capable of moderate physical activity". Only Dr. McQuillan evaluated the cumulative effect of plaintiff's silicosis, hypertension and congenital defects of the spine, which are the principally mentioned complaints. Dr. Bradley did not review the arthritis. Dr. Wright indicated the possibility of "an exacerbation of arthritis". Dr. Trigiano did not evaluate the silicosis. Drs.

Wright and Bradley concurred, however, that there was no evidence of cardiac or pulmonary disability; and Dr. Trigiano concluded that plaintiff's degenerative disease of the lumbar spine would not preclude him from doing most types of light work.

Though different conclusions might be reached, we cannot say, viewing all the medical reports together, that there is not substantial evidence to support the examiner's findings on the extent and severity of plaintiff's physical impairments.

The record includes the report of a psychologist, John J. Pastovic, who made findings and conclusions based on the results of certain psychological tests. In his report, Pastovic comments that plaintiff "is functioning at the Borderline to Dull Normal level of intelligence with an IQ of 79 which indicates that 92 percent of the general population of his age do better on this test." He notes that a "mental age equivalent of 11 years, 10 months can be derived from his IQ" and states that plaintiff "is reading and computing arithmetic at the 3rd grade level." He also comments that plaintiff "is very inferior in fine finger dexterity * * *." These factors are not discussed in the summary of vocational data or findings of the hearing examiner's report. The psychologist's overall evaluation is that it is "highly doubtful that he could be a productive worker because of his slowness of movement, lack of energy in things physical and mental and because of his lack of desire to want to work."

The medical evidence supports a conclusion that plaintiff's physical impairments would permit him to do light or sedentary work. The issue is whether there is light or sedentary work which this plaintiff can do, considering his age, education and work experience. In our opinion the record fails to reflect substantial evidence to support the examiner's conclusion that there is.

This conclusion rests on the testimony of a vocational consultant who gave his

opinion that there were a number of light or sedentary jobs plaintiff could perform. The consultant heard plaintiff's testimony at the hearing and otherwise formed his opinions from a review of the documentary evidence. He conducted no tests or personal interviews. He testified as an expert witness in response to a hypothetical question. For documentation of job requirements, he relied upon descriptions selected from the Dictionary of Occupational Titles. Reliance on such catalogue studies as evidence of ability to do gainful work has repeatedly been disapproved.[3]

Even less persuasively, the assumptions posed to the consultant by the examiner reflect no consideration for the psychologist's findings of borderline to dull normal intelligence and very inferior fine finger dexterity. Conceding that these do not rise to the statutory definition of a mental impairment, nonetheless, given plaintiff's age, education and work experience they become most significant factors in determining ability to do other gainful work. As the hearing examiner recognized in the context of the medical evidence, a conclusion gains authority from the objective findings which support it.

■ When a 55-year-old laborer becomes physically disabled from doing heavy labor, his rudimentary education, limited work experience and restricted mental and manual skills create very strong factual evidence of disability in terms of § 223(d) of the Act, as amended. The evidence to the contrary, indicating that there is other available work that plaintiff can do, must be proportionately strong. Qualitative differences between heavy manual labor in the mines and light work in industry or in an institution must be recognized.[4]

We believe the expert opinion presented in this case, expressed upon reference to the documentary record and to a catalogue of occupational titles, fails to furnish substantial evidence for the Secretary's decision. The vocational evidence, limited to six pages of relatively superficial testimony, displays marked contrast to the painstaking medical and psychological documentation.

An appropriate order will be entered.

---

3. See Baker v. Gardner, 362 F.2d 864, 869–870 (3d Cir. 1966) and cases therein cited; and for a comment indicating that use of the Dictionary of Occupational Titles means little in the way of proof of what a person with physical impairments can do, see Colwell v. Gardner, 386 F.2d 56, 67–68 (6th Cir. 1967).

4. Cf. claimant's similar occupational and medical background and the conclusions of the court in Gardner v. Earnest, 371 F.2d 606 (4th Cir. 1967).