**Raymond P. KELLY, Plaintiff,**

v.

**Wilbur J. COHEN, Secretary, Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–125.**

United States District Court
W. D. Pennsylvania.

Nov. 7, 1968.

Thomas A. Swope, Swope & Swope, Ebensburg, Pa., for plaintiff.

Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

WILLSON, Senior District Judge.

Plaintiff appeals from an adverse decision of the hearing examiner and the denial of review by the Appeals Council concerning his request for disability benefits. 42 U.S.C.A. §§ 405(g), 416(i), 423. Both parties have moved for summary judgment on the record and have agreed to the submission of the case to the Court on briefs.

Plaintiff Kelly was born and raised in Western Pennsylvania and is now 57 years of age. He is married and has five children only one of which, a girl of 14, lives with her parents. His formal education ceased with the completion of his sophomore year in high school. He worked in various coal mines for a total of 35 years, the last 18 years being in a supervisory capacity which required the preparation and submission of certain safety forms and reports. Upon the advice of his personal physician he left the mines in April of 1962 because of constant shortness of breath. Plaintiff thereupon purchased with his life savings a combination ten room house-tavern which he operated with his wife and family until the summer of 1966, the onset of his claimed disability after which date he has not been able to participate in the management of the tavern (his wife is still running the tavern but on a significantly reduced scale). He has also developed an arthritic condition which manifests itself in back and shoulder pain and loss of grip in the left hand. Plaintiff Kelly was declared totally and permanently disabled by anthro-silicosis due to his mining experience in an order of the Pennsylvania Workman's Compensation Board dated March 12, 1965 under the Pennsylvania Occupational Disease Act. He was awarded benefits in the amount of $47.50 per week until $12,000.00 had been paid out (4.6 years), and thereafter in the amount of $75.00 per month for the remainder of his life.

■ The test of disability is a two part one: (1) a determination of the extent of the physical or mental impairment, and (2) a determination of whether that impairment results in an inability to engage in any substantial gainful activity. Four elements of proof are included in the test: (1) medical data and findings, (2) expert medical opinions, (3) subjective complaints, and (4) plaintiff's age, educational background and work history. Stefero v. Gardner, 285 F.Supp. 898 (E.D.Pa.1968). The question before the Court is whether there is substantial evidence looking at the record as a whole to support the Secretary's findings and conclusions.

I. Physical Impairment

The Secretary finds that " * * * the claimant has impairments diagnosed as early second stage silicosis, with pneumoconiosis, radiculitis of the left shoulder with no evidence of fracture, bone destruction or abnormal sclerosis, and early degenerative changes in the cervical spine * * *." (T.R. 29). The pulmonary impairment is classed as moderate upon the preponderance of the medical evidence (T.R. 25). The plaintiff argues that the degree of respiratory impairment is moderate to severe and that there is no substantial evidence to

support the assignment of the label "mild to moderate." The Court does not agree with the plaintiff's contention on this point.

■ Although the hearing examiner places primary reliance on the ventilation studies, plays down plaintiff's subjective complaints, and appears to place undue reliance on one physician's comments that plaintiff did not cooperate on the ventilation studies, which is most likely misplaced in view of the difficulty normally encountered in administering such studies [1] (T.R. 20–26), and although from the Court's study of interpretative aids concerning these studies and complaints,[2] it would classify the degree of impairment as moderate to severe, nevertheless the Secretary's findings may not be disturbed when there is substantial evidence in the record to support them.[3]

The Court is not unmindful of the similarity of the plaintiff's subjective complaints with those of claimants in cases where the Secretary's findings as to physical impairment were found not to rest on substantial evidence. Dabravalskie v. Gardner, 281 F.Supp. 919 (E.D.Pa.1968). The award of the Pennsylvania Workman's Compensation Referee is to be given some weight even though the Secretary must make his own final determination as to disability. However, under the facts of this case the Court cannot say that this award would change its conclusion that the Secretary's findings rest on substantial evidence.[4] Cf. Hicks v. Gardner, 393 F.2d 299 (4 Cir. 1968).

■ The arthritic condition may, of course, act in concert with the respiratory problem to increase plaintiff's disability. However, there is no medical opinion in the record which shows the probable or possible degree of such detrimental interaction in plaintiff's case. The report of Dr. Silenskey is equivocal as it only says that such condition " * * * *can* be quite disabling * * " (emphasis added). Further, the Examiner lists this condition in his findings and did present it to the Vocational Consultant (T.R. 72). Therefore, the Examiner is not guilty of fragmentizing the plaintiff's impairments while evaluating them. Hicks v. Gardner, supra. The Court therefore concludes that the Secretary's conclusion as to physical im-

1. See fn. 2, infra.

2. A.M.A. Guide to Evaluation of Permanent Impairment of the Respiratory System, JAMA November 22, 1965, vol. 194, no. 8, as reprinted in 4 Gray's Attorneys' Textbook of Medicine ¶ 181.11(10).

3. Note the similarity of the mix of Plaintiff's ventilation studies and subjective complaints as to automobile driving, walking, stair climbing, etc., with those found in A.M.A. Classes 3 and 4. In short, taking in account all of the evidence in this record, the Court would place plaintiff somewhere between these two classes, which it feels results in a moderate to severe pulmonary impairment classification. The subjective complaints may be used as there are objective medical findings and medical opinions showing a respiratory impairment. Dillon v. Celebrezze, 345 F.2d 753 (4 Cir. 1965). However, the interpretation of the ventilation study results by the Examiner with reference to the interpretative aids he relies on (T.R. 24–25) is, in the Court's view, substantial evidence to support his conclusions by virtue of the preferred status and accuracy of the parameters he relies on and interprets, i. e., forced vital capacity, one second forced vital capacity and maximal voluntary ventilation. fn. 2, supra. The plaintiff does not attack the soundness of either the aids or the parameters. Further, these studies seem to be given to inherently large percentage fluctuations and the use of subjective complaints will affect the point where the plaintiff is placed within these admittedly large categories. Simply put, the record will support both the Court's and the Secretary's conclusions and under these circumstances the latter's must be left undisturbed. Underwood v. Ribicoff, 298 F.2d 850 (4 Cir. 1962). The Court is satisfied that the Secretary's findings as to respiratory impairment have a reasonable basis in law. Boyd v. Folsom, 257 F.2d 778, 781 (3 Cir. 1958).

4. fn. 3, supra.

pairment is supported by substantial evidence.

## II. Ability to Engage in any Substantial Gainful Activity

The Vocational Consultant's testimony in support of the Examiner's findings was restricted to responding to a hypothetical question listing plaintiff's impairments (as viewed by the Secretary), which is the proper procedure, Wooley v. Gardner, 283 F.Supp. 576 (E. D.Pa.1968), and listing five job classifications from the Dictionary of Occupational Titles ("D.O.T."), plus plaintiff's former occupation of tavern keeper (T.R. 72–74). These classifications were considered to reflect light and sedentary work and to be readily available in the Johnstown, Pennsylvania area.

On cross-examination by plaintiff's attorney the consultant admitted that the plaintiff's coughing could be both an impediment to obtaining a job and a health hazard (T.R. 75). This is important in assessing the realistic nature of the Secretary's evidence as to ability to engage in gainful activity, and in this case strongly militates against such realism. Dabravalskie v. Gardner, supra, 281 F.Supp. @ 923.

Additionally, the use of the D.O.T. has been repeatedly condemned as speculative and insufficient evidence of ability to engage in substantial gainful activity, both before, Hodgson v. Celebrezze, 357 F.2d 750 (3 Cir. 1966); Seldomridge v. Celebrezze, 238 F.Supp. 610, (E.D.Pa.1964), and after, Olenchick v. Gardner, 284 F.Supp. 304, (W.D.Pa. 1968); Batovich v. Gardner, 286 F.Supp. 962 (W.D.Pa.1968), the 1967 amendments to the statutory definition of disability, § 158(e) of P.L. 90–248, such amendments applying to this case.

The greatest deficiency in the Secretary's evidence surrounds three of the D.O.T. classifications cited by the Vocational Consultant and the former occupation of tavern keeper. With the exception of cashier and sales clerk, these categories describe jobs which the plaintiff had been performing since he left the mines. There is uncontradicted evidence in the record that plaintiff's ability to perform these tasks has steadily decreased since he started to operate the tavern, to the point where he can no longer perform them for any significant length of time, if at all (T.R. 51–56, 62). Additionally, the record is replete with the plaintiff's complaints concerning shortness of breath, inability to walk for more than several blocks under ideal conditions, difficulty in climbing stairs, need for prolonged periods of rest during the day, loss of grip, et cetera. The effect of plaintiff's inactivity on the earnings of the tavern has been significant and he states that the tavern will soon have to be closed altogether as his wife cannot handle it alone. The plaintiff cannot, *in fact*, do what the Secretary says he can do. Since the Secretary has ignored the best evidence of plaintiff's ability to engage in substantial gainful activity and has relied on evidence which is merely speculative, based on the record before us, his conclusion cannot stand. See Baker v. Gardner, 362 F.2d 864, 868 (3 Cir. 1966), distinguishing Dupkunis v. Celebrezze, 323 F.2d 380 (3 Cir. 1962). In this second part of the test of disability, the inquiry focuses on the individual claimant and not the hypothetical average man. Matias Rivera v. Gardner, 286 F.Supp. 305 (D.C.P.R.1968); Dabravalskie v. Gardner, supra. On the whole record as submitted, this Court concludes that the plaintiff is entitled to the benefits provided in the statute. The conclusion is based on a review of the record which in turn shows that there is no substantial evidence to support the Secretary's conclusion that the plaintiff can engage in substantial gainful activity.

## ORDER

And now, November 7, 1968, for the reasons mentioned in the foregoing opinion, the motion of the defendant for summary judgment is denied. The motion of the plaintiff Raymond P. Kelly for summary judgment in his favor is granted.