John E. SZUMOWSKI

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 74–1136.

United States District Court,
E. D. Pennsylvania.

Sept. 3, 1975.

**1016**

Stephen F. Ritner, Community Legal Services, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

BECHTLE, District Judge.

Before the Court are cross motions for summary judgment filed by the parties to this action in which we are asked to review a final decision of the Secretary of Health, Education and Welfare ("Secretary") which denied plaintiff disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq. This Court's power to affirm, modify, reverse or remand the decision of the Secretary arises from 42 U.S.C. § 405(g).

Plaintiff filed an application for disability insurance benefits on November 29, 1971, claiming that a "back condition" had prevented him from working since August 2, 1969, and continued to do so at the time of filing. Plaintiff's claim was disallowed by letter dated February 15, 1972. A request for reconsideration resulted in a negative reconsideration determination, of which plaintiff was informed by letter dated August 1, 1972. Believing this decision to be incorrect, plaintiff sought a hearing before an Administrative Law Judge pursuant to 42 U.S.C. § 405(b). The hearing was held on June 27, 1973, in Philadelphia. Plaintiff was represented by counsel at the hearing. In addition to plaintiff's own testimony, Administrative Law Judge Milne also heard testimony concerning his condition from plaintiff's wife and from a friend. The Administrative Law Judge affirmed the original refusal to grant plaintiff a period of disability or disability insurance benefits on November 1, 1973. By letter dated March 4, 1974, the Appeals Council informed plaintiff that its review of the Administrative Law Judge's decision revealed no error and that, accordingly, that decision would stand as the final decision of the Secretary in plaintiff's case. A timely complaint was thereafter filed with this Court, pursuant to 42 U.S.C. § 405(g).

■ The Court has before it the transcript of the hearing held before the Administrative Law Judge, his opinion, and all the medical reports and other materials upon which the final decision was based. On appeal, a court is bound by the findings of fact made by the Secretary if they are supported by substantial evidence. Substantiality is truly required and is not to be equated with the presence of a "scintilla" of evidence. *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 838 (3d Cir. 1974). If reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the reviewing court must decide against the Secretary. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964). However, if there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Toborowski v. Finch*, 363 F.Supp. 717, 719 (E.D.Pa. 1973).

■ The burden is on the claimant of disability insurance benefits to prove that he has a disability as that term is defined by the Social Security Act. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). Establishing such a disability involves a two-step process. First, the claimant must show that he has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. Second, the claimant must show that the impairment renders him unable to engage in any

substantial gainful employment. *Barats v. Weinberger,* 383 F.Supp. 276, 282 (E. D.Pa. 1974).

█ In determining whether a statutorily-recognized disability exists, there are four elements of proof to be considered: (1) the objective medical facts, which are the clinical findings of the treating and/or examining physicians divorced from their expert judgment or opinions; (2) the diagnoses and expert medical opinions of the treating and examining physicians; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by others in a position to observe him; and (4) the claimant's age, educational background and work history. *Dillon v. Celebrezze,* 345 F.2d 753, 755 (4th Cir. 1965).

While we do not believe that the record here is so lacking in evidentiary support of the decision made by the Administrative Law Judge as to justify its summary reversal, the Court does believe that there is a conspicuous absence of any discussion in the Administrative Law Judge's findings of what was clearly the primary basis for plaintiff's claim of disability—namely, the pain and related problems resulting from his back condition. Not only was the focus of the hearing testimony directed at the existence of plaintiff's pain and its effect on his ability to function, but four of the five doctors[1] who examined plaintiff recognized his pain as real and noted resulting limitations on his ability to work. Dr. Renzi described plaintiff's prognosis as "poor" and stated that plaintiff, due to his condition, "cannot engage in substantial employment." (Tr. 99). Dr. Christedes found that plaintiff's "physical capacity to perform sedentary, light, and medium work on a sustained basis is guarded." He felt

that in two years, if plaintiff continued his gout therapy and lost 40 pounds (plaintiff was 5 feet, 9½ inches tall and weighed 207 pounds at the time of examination in August, 1973), he would be able to perform his former occupations as a cab driver or bartender (Tr. 103). Dr. Goodnick, while believing it worthwhile to motivate plaintiff through therapy to find some suitable employment, stated that he "would tend to believe the reality of that pain" which plaintiff described to him (Tr. 117). Dr. Freedman also recommended therapy, but reported that "the prognosis is not good" and that plaintiff's "physcial [*sic*] symptoms preclude his return to a strenuous job. . . ." (Tr. 120.)

█ Despite the large amount of evidence contained in the record concerning plaintiff's discomfort from his condition, we are unable to discern any direct finding by the Administrative Law Judge as to the effect of the subjective pain of plaintiff on his ability to work. This Court believes the pain factor is critical in determining whether there was substantial evidence to support the decision made by the Administrative Law Judge. As fact finder, he has the right to reject any testimony or contradictory medical evidence entirely, but failure to indicate rejection can lead to a conclusion that he neglected to consider it at all. *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975).

█ The Administrative Law Judge must make specific findings. They should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based. 500 F.2d at 312. As a reviewing court, we may not speculate about the Administra-

---

1. The medical evidence in the instant case has been submitted by Dr. Nicholas Renzi, plaintiff's personal physician, Dr. Stephan A. Christedes (orthopedic evaluation), Dr. Richard A. Davis (neurological evaluation), Dr. Benjamin Goodnick (psychological evalu-

ation) and Dr. Abraham Freedman (psychiatric evaluation). The latter four physicians examined plaintiff at the request of the Pennsylvania Bureau of Vocational Rehabilitation, acting for the Social Security Administration.

tive Law Judge's opinion of the credibility of plaintiff's accounts of pain and suffering. *Id.* at 312; *Wilson v. Weinberger*, 398 F.Supp. 1071 (E.D.Pa. 1975). Explicit findings are particularly important on this point since pain, in itself, may be a disabling condition and the present record includes medical data which lends credence to plaintiff's complaints of pain. *Baerga v. Richardson, supra,* 500 F.2d at 312.

 When, as in the case at bar, there is an inadequate foundation to decide whether the determination of the Administrative Law Judge is supported by substantial evidence, remanding the issue to the Secretary is the only proper course. On remand, all evidence pertaining to this matter, including such additional evidence as is necessary to be adduced, should be weighed, and specific findings should be made concerning the degree of effect plaintiff's pain has on his disability and the extent to which the Administrative Law Judge accepts or rejects plaintiff's claims of extreme pain. *Wilson v. Weinberger, supra.*

An appropriate Order will be entered.