Mattie B. BRITTINGHAM

v.

Casper WEINBERGER, Secretary of
Department of Health, Education
and Welfare.

Civ. A. No. 74–970.

United States District Court,
E. D. Pennsylvania.

Feb. 11, 1976.

Janet F. Stotland, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Before the Court are cross-motions for summary judgment filed by the parties to this action. Plaintiff brought suit to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare ("Secretary") which denied her disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq. This Court's power to affirm, modify, reverse or remand the decision of the Secretary arises from § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was born in June of 1926 (Tr. 24) and completed the sixth grade of school (Tr. 27). She was employed as a domestic for approximately sixteen years, performing general household chores and caring for three children. (Tr. 29–30.) Beginning in November of 1967, plaintiff was employed as a meat cook in a cafeteria. This job involved preparing food for over 600 people daily and required her to lift containers of food weighing up to thirty pounds at a time. (Tr. 28–29.) Plaintiff left this job in April of 1972 due to pain in her back and left leg and was admitted to a hospital for a period of ten days. (Tr. 62, 63, 85.) The diagnosis at the time of her discharge from the hospital was that she was suffering from severe lumbosacral strain. (Tr. 85.) Plaintiff received follow-up care on an outpatient basis from an osteopath who considered her capable of returning to full activity as of August 25, 1972. (Tr. 86.) With the exception of two brief attempts to resume work, neither of which lasted for more than two weeks, plaintiff did not work between April of 1972 and September 26, 1973, the date of the evidentiary hearing on her disability claim. Both attempts to return to work were unsuccessful due to the recurrence of her physical disorders. (Tr. 31, 76.)

Plaintiff filed an application for disability insurance benefits on November 14, 1972, claiming that a pinched nerve, a ruptured disc and arthritis had prevented her from working since April 22, 1972, and continued to do so at the time of filing. Plaintiff's claim was disallowed on January 9, 1973, and a reconsideration determination dated April 16, 1973, was also negative. Subsequently, the above-mentioned evidentiary hearing was held before an Administrative Law Judge pursuant to 42 U.S.C. § 405(b).

At the hearing, plaintiff testified that she suffered from pain and related problems in her limbs and back. One of the exhibits admitted into evidence was the report of a March 20, 1973, examination of plaintiff performed by Dr. Stephan A. Christedes, an orthopedic surgeon, at the request of the Pennsylvania Bureau of Vocational Rehabilitation, acting for the Social Security Administration. Dr. Christedes reported that plaintiff's problems were obesity, mild osteoarthrosis of the lumbar spine producing diffuse tenderness and a psychogenic overlay. (Tr. 96–98.) The Administrative Law Judge found that plaintiff did have a mild impairment of the lumbar spine and a certain degree of pain resulting from that impairment. However, the original refusal to grant plaintiff a period of disability or disability insurance benefits was affirmed by the Administrative Law Judge on November 12, 1973. By letter dated February 15, 1974, the Appeals Council informed plaintiff that its review of the Administrative Law Judge's decision revealed no error and that, accordingly, that decision would stand as the final decision of the Secretary. A timely complaint was thereafter filed with this Court, pursuant to 42 U.S.C. § 405(g). Plaintiff was not represented by counsel at any time prior to the filing of this complaint.

The Secretary's position is that his findings of fact are supported by substantial evidence and must, therefore, be affirmed. Plaintiff's cross-motion for summary judgment seeks reversal of the Secretary's decision on three grounds: (1) that plaintiff was not adequately notified of her right to counsel and was

**610**

severely prejudiced at the evidentiary hearing by her lack of counsel; (2) that the Administrative Law Judge failed to adequately consider plaintiff's subjective complaints of pain and disability; and (3) that the Secretary did not sustain his burden of proof that there exists substantial gainful activity which plaintiff can perform. We will consider each of plaintiff's arguments separately.

■ We note preliminarily that the fact that plaintiff was not represented at the hearing is not, in and of itself, ground for remand. *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837, 840 n. 4 (3d Cir. 1974). There must be a showing of clear prejudice or unfairness at the agency level proceedings in order for the lack of counsel to constitute a sufficient cause for remand. *Domozik v. Cohen,* 413 F.2d 5, 9 (3d Cir. 1969).

■ In the present case, plaintiff received a form notice from the Social Security Administration concerning her scheduled hearing before the Administrative Law Judge. On the form, there is a clearly marked section explaining the right to be represented by counsel. On its face, we consider this form adequate notice of the right to have representation at the administrative hearing. Moreover, at the opening of plaintiff's hearing, the Administrative Law Judge, noting the absence of an attorney or other representative, properly reminded plaintiff of her right and determined that she was willing to proceed without a lawyer.[1] A remand due to lack of notice is clearly unwarranted based on

this record. *Kennedy v. Finch,* 317 F.Supp. 7 (E.D.Pa. 1970).

■ Plaintiff has also not made a showing of clear prejudice or unfairness flowing from the absence of counsel. Such prejudice or unfairness is not to be presumed simply because plaintiff has only six years of formal education, there being no indication of any mental impairment on the part of plaintiff. *Mills v. Richardson,* 339 F.Supp. 402 (W.D.Pa. 1972). Moreover, plaintiff was given a full opportunity to be heard and to present evidence. She has not asserted that there is any additional evidence of her disability which she failed to produce at the administrative level due to her lack of counsel. Nor does she suggest that she was unable to effectively cross-examine the vocational expert, the only other witness at the evidentiary hearing, without the assistance of counsel or that the absence of cross-examination was in any way prejudicial.

■ While we do not believe that remand is called for on this issue, the brusque attitude of the Administrative Law Judge revealed in the transcript of the evidentiary hearing compels us to add some general comments here concerning those cases in which the disability benefits claimant is not represented by competent counsel. Hearings on disability claims are not adversary proceedings. *Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir. 1975). Although the burden is upon the claimant to prove his disability, due regard for the beneficent

---

1. The actual colloquy was as follows (Tr. 22):

    ADMINISTRATIVE LAW JUDGE: . . . You were advised on your notice of hearing [of] your right to be represented by an attorney or representative. I don't see any here and we haven't been notified that you desire to be represented and I shall assume that you do not desire to be so represented. Is that right?

    CLAIMANT: I don't know any lawyer or nothing. I just don't have any lawyer.

    ADMINISTRATIVE LAW JUDGE: Well, shall we proceed then without a lawyer?

    CLAIMANT: Yes.

    We believe that, in the future, the better practice would be for the Administrative Law Judge to briefly but specifically outline to the claimant the sources of potentially available free or other legal representation, *e. g.,* legal aid, bar association reference service, before accepting the claimant's waiver of the right to have counsel at the hearing. It would also be helpful to concisely explain the functions that an attorney could be expected to perform, *i. e.,* to gather, assemble, analyze and present evidence in the form of witnesses and exhibits, cross-examine adverse witnesses and present legal arguments.

purposes of the Social Security Act requires that a more tolerant standard be used in such administrative adjudications than would be applicable in a typical court proceeding. *Hess v. Secretary of Health, Education and Welfare, supra,* 497 F.2d at 840. This is particularly true where the claimant is unassisted by counsel. In such cases, a duty devolves upon the administrative law judge to, at a minimum, emphasize to the claimant the importance of providing all the relevant evidence. *Id.* at 840, 841; *see Cutler v. Weinberger, supra* at 1286; *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38, 43 (2d Cir. 1972). The administrative law judge is charged not just with determining the facts, but with developing them as well. *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Unrepresented claimants are frequently handicapped by a lack of experience with administrative or legal procedures and a lack of understanding of the substantive significance of particular evidence to their claim. Tolerance and patience should be afforded those who do not immediately grasp the meaning of exhibits or technical terms or do not know that it may be helpful to call witnesses in their behalf. It is clear that the Social Security Administration has the duty to insure that its actions are both fair and thorough. *Rayborn v. Weinberger,* 398 F.Supp. 1303, 1312 (N.D.Ind. 1975). While this duty requires the administrative law judge to maintain his or her objectivity, it also suggests an obligation on the part of the administrative law judge to assist an unrepresented claimant by explaining in a clear and non-hostile manner any questions which might arise concerning the procedures at the hearing or the way in which evidence of the claimant's disability might best be presented.

■ A claimant's lack of counsel not only heightens the level of care with which the administrative law judge should organize the creation of the record, but also that with which a reviewing court should scrutinize it. Particularly where the claimant is unrepresented, the courts have a duty to make a searching investigation of the record in order to determine whether the Secretary's decision is supported by substantial evidence *and* whether it was made in accordance with the proper legal standards. *Gold v. Secretary of Health, Education and Welfare, supra,* 463 F.2d at 43.

■ Plaintiff's second argument challenges the adequacy of the Administrative Law Judge's consideration of her subjective symptomatology. For the reasons stated below, we believe that the Secretary's decision was based upon the application of incorrect standards relating to the issue of subjective pain and, accordingly, that remand of plaintiff's case will be necessary. *Tillman v. Weinberger,* 398 F.Supp. 1124, 1130 (N.D.Ind. 1975); *Generella v. Weinberger,* 388 F.Supp. 1086 (E.D.Pa. 1974). When a decision of the Secretary is based upon the application of incorrect standards, remand is proper without consideration of whether substantial evidence supports the ruling. *Ferran v. Flemming,* 293 F.2d 568, 571 (5th Cir. 1961); *Tillman v. Weinberger, supra* at 1130.

The Administrative Law Judge, citing 20 C.F.R. § 404.1501(c),[2] stated in his "Evaluation of the Evidence":

As is specifically applicable herein, this regulation requires that the validity of the claimant's allegation of inability to sit, stand, lift or walk for any period of time and his [*sic*] subjective symptoms of back pain and nervousness be conceded only insofar as the complaints are supported by clinical and laboratory diagnostic techniques. (Tr. 14.)

---

**2.** 20 C.F.R. § 404.1501(c) provides:

"*Definition of impairment.* A physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. Statements of the applicant, including his own description of his impairment (symptoms) are, alone, insufficient to establish the presence of a physical or mental impairment."

Apparently based on this interpretation of the regulation, the Administrative Law Judge made the following specific finding:

2. The claimant's subjective complaint of inability to perform any substantial gainful activity is not substantitated [*sic*] by pertinent, probative medical evidence.

We believe that this finding discloses a misunderstanding on the part of the Administrative Law Judge as to the proper standards to be employed in evaluating a disability claim.

We note first that 20 C.F.R. § 404.1502(a) requires that a determination of disability be made from "all the facts" of the case. This Court has recently outlined the elements of proof to be considered in determining whether a statutorily-recognized disability exists. They are: (1) the objective medical facts, which are the clinical findings of the treating and/or examining physicians divorced from their expert judgments or opinions; (2) the diagnoses and expert medical opinions of the treating and examining physicians; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by others in a position to observe him; and (4) the claimant's age, educational background and work history. *Szumowski v. Weinberger*, 401 F.Supp. 1015, 1017 (E.D.Pa. 1975).

Each element of proof deserves independent consideration and its value in the final equation is not dependent upon its substantiation by any one of the other factors. In particular, it has been recognized that subjective symptoms, unaccompanied by objective medical data, may support a claim for disability benefits. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971). At the same time, however, it is apparent that the final determination of a claimant's disability is not to be based upon a separate weighing of the sufficiency of each individual element of proof, but rather upon a consideration of all the factors taken together as a whole.[3]

While pain, in itself, may be a disabling condition, *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975), this Court believes that the Secretary should not be at the mercy of every claimant's subjective assertions of pain and that clinical techniques may shed some light on the probability of the pain's existence, magnitude and disabling effects. *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 1000 (1st Cir. 1975). However, the requisite medical support of a claimant's complaints of pain may consist simply of the opinion evidence of any examining physicians. The recognition, assessment and evaluation of subjective complaints of pain are integral parts of a proper clinical diagnosis. *Homm v. Gardner*, 267 F.Supp. 926, 929 (W.D.Mo. 1967). We think it clear that medical opinion need not necessarily be supported by "objective" clinical or laboratory findings. *Cutler v. Weinberger, supra*, 516 F.2d at 1286–1287; *Ross v. Gardner*, 365 F.2d 554, 559 (6th Cir. 1966). Moreover, while "complaints of pain and suffering, unsubstantiated by [any] medical evidence or grossly disproportionate to medically ascertainable symptoms or ailments, will not support a claim for disability benefits," *Baith v. Weinberger*, 378 F.Supp. 596, 603 (E.D. Pa. 1974), if an administrative law judge considers a claimant's complaints credible, he may properly make a finding of disability despite contrary medical opinion that the claimant's pain is not of disabling intensity.

Applying these principles to the instant case, the Court believes that the Administrative Law Judge failed to

---

**3.** A corollary of this rule is that, if a claimant suffers from several ailments simultaneously, the combined effect of these problems must be considered before the Secretary denies the payment of disability benefits. *Gold v. Secretary of Health, Education and Welfare, supra*, 463 F.2d at 42; *Bittel v. Richardson, supra* at 1195.

give proper consideration to plaintiff's subjective complaints of pain. There was more than enough medical evidence to substantiate the existence of plaintiff's pain.[4] It thus became the obligation of the Administrative Law Judge to make specific findings concerning the credibility of plaintiff's complaints[5] and, to the extent her claims of extreme pain were believed, the effect of that subjective pain on plaintiff's ability to work. *Szumowski v. Weinberger, supra.* Moreover, as we previously stated, to the extent that the pain is found to exist, it must be considered in conjunction with the other elements of proof to determine whether plaintiff suffers from a statutorily-recognized disability.

■ Plaintiff's final contention is that the Secretary did not meet his burden of proof that substantial job opportunities exist in the national economy that could be occupied by persons of the claimant's background and condition. This burden arose when plaintiff established that she was disabled from engaging in her former occupation as a meat cook. *Barats v. Weinberger,* 383 F.Supp. 276, 285–286 (E.D.Pa. 1974). The availa-

bility of these jobs was proven through the testimony of a vocational expert in the present case. Plaintiff objects to the hypothetical questions which were posed by the Administrative Law Judge. First, assuming that plaintiff had "all of the limitations, restrictions, and pain that she alleges in the entire record," the vocational expert testified that she would neither be able to return to any of the former jobs which she had held nor find any other kind of job which she could perform. (Tr. 54.) The vocational expert was then asked whether, if the Administrative Law Judge found plaintiff capable of performing light work as that category is defined in the Dictionary of Occupational Titles, there were any jobs in this region which plaintiff was "vocationally qualified to perform based upon her age, education, training, background and work experience." The answer was in the affirmative and the vocational expert listed eighteen such jobs. (Tr. 55.) Plaintiff's complaint is that there were no further hypotheticals bearing on plaintiff's residual capacities.

■ Initially, we note that there is nothing improper in the fact that the vocational expert's testimony in support

---

**4.** The discharge summary from West Park Hospital dated May 5, 1972, noted that plaintiff had been admitted with the chief complaint of pain in her back and left leg, that X-rays of the lumbosacral spine showed degenerative disc disease involving L5 to S1, and that plaintiff suffered from severe lumbosacral strain. (Tr. 85.) On March 20, 1973, Dr. Christedes *found that plaintiff had mild osteoarthrosis of* the lumbar spine, diffuse tenderness and a psychogenic overlay. He also noted the presenting symptomatology as nervousness and pain in the body and legs. (Tr. 96–98.) In addition, after the decision of the Administrative Law Judge was issued, the Appeals Council received additional evidence that a left knee arthrogram taken on August 24, 1973, one month before the evidentiary hearing took place, suggested the presence of a tear or detachment of the collateral ligament from the medial meniscus. (Tr. 115.)

**5.** In his "Evaluation of the Evidence," the Administrative Law Judge wrote:

Generally, when an individual has suffered severe pain for a long time, there are observable signs such as drawn features and, in most cases, sharp weight loss and muscle

atrophy due to disuse for the purpose of avoiding discomfort; as well as a medical history replete with efforts to alleviate pain. In the instant case, there are no such significant signs or circumstances. The claimant has no significant muscle atrophy, has maintained good weight for his [*sic*] height, and has the outward appearance of good health. (Tr. 14.)

There is a total lack of evidence in the record or citation of authority to support the first sentence of the above-quoted statement. Moreover, it is not a matter of common knowledge and cannot pass muster on that ground. Accordingly, it was improper to rely on this extra-record information. *Nelms v. Gardner,* 386 F.2d 971, 973 (6th Cir. 1967); *Celebrezze v. Warren,* 339 F.2d 833, 836 (10th Cir. 1964); *Candelaria v. Weinberger,* 389 F.Supp. 613, 621 (E.D.Pa. 1975); *cf. Generella v. Weinberger, supra.* We also note that, while it may be a proper factor for consideration in judging the credibility of a claimant's subjective complaints of pain, physical appearance is not the standard used for disability determinations. *Williams v. Finch,* 440 F.2d 613, 616–617 (5th Cir. 1971).

of the Administrative Law Judge's findings was primarily limited to responding to a hypothetical question based upon a view of plaintiff's impairments taken by the Secretary. *Kelly v. Cohen,* 293 F.Supp. 261, 265 (W.D.Pa. 1968). The real issue is whether the factual view presented in the hypothetical is supported by evidence in the record. If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that plaintiff has a residual working capacity has no evidentiary value. *Trice v. Weinberger,* 392 F.Supp. 1193, 1196 (N.D.Ga. 1975).

▇▇▇▇▇ The most appropriate way to insure the validity of the hypothetical questions posed to the vocational expert is to base them upon evidence appearing in the record, whether it is disputed or not. That procedure was not followed in this case. Rather, the expert was asked to assume that plaintiff's physical capabilities conformed to those implied by the ability to perform the Dictionary of Occupational Titles' category of "light" work. Unless there is record evidence to adequately support this assumption, the opinion expressed by the vocational expert is meaningless. The Court believes that such evidence exists in this case. In his examination report, Dr. Christedes stated that plaintiff's range of motion is "satisfactory" and that "she has good functional capacity in stooping, bending, ambulating and lifting." (Tr. 98.) While this evidence is directly contradicted by plaintiff's own testimony, we cannot say that "reliance has been placed upon one portion of the record to the disregard of *overwhelming* evidence to the contrary." *Szumowski v. Weinberger, supra,* 401 F.Supp. at 1016 (emphasis added). Accordingly, this Court would not reverse or remand the Secretary's decision on this ground. Even if we might not agree with the conclusion, on the present state of the record, there is substantial evidence to support the Secretary's finding that substantial gainful employment is available which plaintiff is able to perform.

Plaintiff is presently represented by competent counsel who will presumably participate in all future proceedings in the case. On remand, all evidence pertaining to this matter, including such additional evidence as is necessary to be adduced, should be weighed in light of the standards set forth herein. The scope of any new evidentiary hearing shall be decided by the Secretary. The Secretary shall make specific and complete findings on all aspects of this case.

An appropriate Order will be entered.

### ORDER

And now, to wit, this 11th day of February, 1976, it is ordered as follows:

1. Defendant's motion for summary judgment is *denied.*

2. Plaintiff's cross-motion for summary judgment is *denied.*

3. The case is hereby *remanded* to the Secretary of Health, Education and Welfare for further proceedings not inconsistent with the foregoing Memorandum.