**William J. FISHBURN**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, United States of America.**

**Civ. A. No. 41952.**

United States District Court, E. D. Pennsylvania.

June 15, 1970.

Wm. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Merna Marshall, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

OPINION

MASTERSON, District Judge.

This action is brought under section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare adverse to the plain-

tiff. Both parties have moved for summary judgment.

The plaintiff filed an application for a period of disability and insurance benefits on March 14, 1966,[1] describing his disabling condition as a combination of "back ailment, nerves removed from right leg, ulcers, enlarged heart." On August 2, 1966, the hearing examiner filed his decision which found against the plaintiff. That decision was affirmed by the Appeals Council on November 22, 1966. Then, on January 23, 1967, plaintiff filed the instant complaint. On March 29, 1967, the matter was ordered by this Court to be remanded to the Secretary of Health, Education and Welfare in accordance with the provisions of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Secretary vacated his previous decision and remanded the matter for further proceedings before a hearing examiner. Subsequent hearings were held and the examiner thereafter issued his recommended decision denying the plaintiff disability benefits, which was affirmed by the Appeals Council on October 14, 1968. This final decision holds that the plaintiff is not entitled to any period of disability or disability insurance benefits on the basis of his aforementioned application.

The only issue before this Court is whether there is substantial evidence to support the Secretary's decision that plaintiff is not disabled as defined by the Act. 42 U.S.C.A. § 405(g).[2]

The test for disability consists principally of two parts: (1) a determination of the extent of the physical or mental impairment, and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity. 42 U.S.C.A. § 405(g); Stancavage v. Celebrezze, 323 F.2d 373 (3rd Cir. 1963).

As stated in Consolo v. Federal Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966):

"We have defined 'substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' * * [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion

---

1. We should note that this was plaintiff's fourth application for disability and insurance benefits. The first was filed on December 14, 1959, and noted an "injured back and limited use of legs and also possibly lung condition." This claim was denied on the District level on March 16, 1960, and plaintiff did not request reconsideration. Another claim was filed on May 13, 1964, and the impairment described was a "collapsed lung (right)" and a "back injury." On June 1, 1964, plaintiff was advised that determination of this claim was being postponed until Congressional action on a then pending bill. On September 29, 1964, plaintiff filed his third application claiming disability as a result of a "right lung (blistered), back injury, ulcers, constant headache." This claim was denied at the District level on January 14, 1965. The plaintiff made a timely request for reconsideration of this decision, claiming that his condition had worsened as a result of a spine injury. On September 3, 1965, it was determined by the Reconsideration Branch that the denial was proper. Plaintiff apparently elected to exercise his right to request a hearing on his reconsideration determination, and, on March 14, 1966, filed the application which is presently before us.

2. In order to be entitled to a period of disability under section 216(i), 42 U.S.C.A. § 416(i), and to disability insurance benefits under section 223 of the Act, 42 U.S.C.A. § 423, plaintiff had to establish that he was under a "disability" (as defined in sections 216(i) and 223 of the Social Security Act, 42 U.S.C.A. §§ 416(i), 423) which commenced at a time when he met the special insured status requirements of the above sections. It is agreed by counsel that plaintiff meets the special insured status requirements through the quarter ending December 31, 1961. Therefore, on the basis of his application of March 14, 1966, plaintiff must establish that he was under a disability which commenced prior to December 31, 1961, when he last met the special insured status requirements.

sought to be drawn from it is one of fact for the jury."

If there is only a slight preponderance of the evidence on one side or the other, the Secretary's findings must be affirmed. Underwood v. Ribicoff, 298 F. 2d 850, 851 (4th Cir. 1962).

■ Upon review of the entire record in this case, we cannot say that the decision of the Hearing Examiner was not based on substantial evidence. Under the Supreme Court test set forth in the *Consolo* case, *supra*, this Court would not have directed a verdict for the plaintiff on the evidence presented if this were a trial before a jury. Indeed, we may well have directed a verdict for the defendant. The medical evidence presented by the plaintiff in both of his hearings as to his disability essentially consists of (1) the reports of treating physicians, and (2) the testimony of one of those treating physicians, Dr. Flannery. With regard to the physicians' reports, the first hearing examiner said in his Decision:

"* * * the reports of the claimant's treating physicians are characterized by their scanty objective findings. While there is an opinion expressed that the claimant was disabled by his spinal operation, this is in direct conflict with the opinion of the surgeon who performed the operation and who would be in a better position to know the results achieved by this proce-

dure." (Administrative Record, p. 94).

With regard to Dr. Flannery's opinion, the first hearing examiner said:

"A further discrepancy between the medical evidence furnished by the applicant and reality is the statement by Dr. Flannery that the applicant had been disabled since his operation in 1954. The claimant's earnings record, showing substantial earnings through 1956 and his own testimony referring to his work activity subsequent to 1954 serve to vitiate this opinion." (Administrative Record, p. 94).

We agree with the above evaluations of plaintiff's medical evidence by the first hearing examiner and nothing in the record of the second hearing changes our opinion and, in fact, reenforces it.[3]

■ Further, turning to the second kind of evidence relevant to a determination of disability—vocational evidence —we find that there is substantial evidence on the record to support the second examiner's finding that a number of jobs exist within the claimant's physical and mental capabilities and within 25 miles of his home. (Administrative Record, p. 52, Findings 7 and 8). This vocational evidence coupled with the medical evidence convinces us that the decision of the two examiners is based not just on substantial evidence but on overwhelming evidence.

Accordingly, we will grant the defendant's motion for summary judgment.

---

3. Plaintiff argues to us, as he did in both of his hearings, that each of his numerous medical problems do not individually disable him but *collectively* do disable him. As were the two hearing examiners, we are not impressed with this argument because, as we have noted in the body of our Opinion, plaintiff has himself failed to prove that these numerous medical problems disable him either individually or collectively.