Francis J. **KOSS**, Plaintiff,

v.

Elliot **RICHARDSON**, Secretary of Health, Education & Welfare, Defendant.

Civ. A. No. 71-395.

United States District Court, W. D. Pennsylvania.

Aug. 11, 1971.

Ludwig, Talenti, Wilson & Sullivan, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, in which disability benefits were denied. The only issue before the Court is whether the aforementioned final decision of the Secretary is supported by substantial evidence.

To qualify for disability insurance benefits under Sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i), an individual must meet the insured status requirements of these sections, be under age 65, and be under a "disability" as defined in the Act.

The term "disability" is defined to mean:

"* * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy * * * Work which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. * * * A 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. * * *"

Since plaintiff met the insured status requirements on December 31, 1969, plaintiff must establish that his disability began on or before that date.

Plaintiff started to work after graduation from high school, and the divers jobs performed never required him to engage in any great amount of physical activity or laborious effort. While working for Westinghouse Electric Corporation after an injury, a decision was made that his economic horizon would be best served by the development of his knowledge and wisdom as a librarian. All doctors who have had occasion to examine or treat him were in agreement that this course of activity could work to

his best interests and general welfare. This resulted in training being taken in a junior college program in preparation for a full and complete college education as a librarian. Unquestionably, considering all matters in the record most favorable to the plaintiff, after the completion of his higher educational training he should be able to work on almost any type of occupation that would not require severe physical activity or the pursuance of employment that would require what might be termed heavy lifting. No effort has been applied to secure any type of employment. This is understood for the reason that his efforts and time are required in applying himself to his studies and completing his college education. He seems most enthusiastic, is progressing well with his education, and no doubt will eventually attain the success he desires to accomplish.

■ The burden of proof rests upon the plaintiff to establish his entitlement to disability insurance benefits under the Social Security Act, Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir.), and it is not the burden of the Secretary to make an initial showing of nondisability. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir.); King v. Gardner, 370 F.2d 652 (6th Cir.).

■ An applicant must establish "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C.A. §§ 416(i), 423 (d) (1) (A). The Social Security Amendments of 1967, P.L. No. 90–248, defined a medically determinable physical or mental impairment as an impairment that results from an anatomical, physiological, or psychological abnormality which is demonstrable by medically acceptable clinical and laboratory diagnostic techniques. Walters v. Gardner, 397 F.2d 89 (6th Cir.). It is not enough to establish that an impairment exists. It must also be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. Lewis v. Gardner, 396 F.2d 436 (6th Cir.).; Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir.).

■ In short, to receive disability insurance benefits, it is imperative that plaintiff establish by credible evidence that he was disabled within the meaning of the Social Security Act prior to the date when he last met the insured status requirements of the Act. Domozik v. Cohen, 413 F.2d 5 (3d Cir. 1969).

Plaintiff's work has always been confined to light and sedentary work. Substantial evidence shows that plaintiff is physically and mentally able to return to his former type of work and is capable of doing light or sedentary work.

■ In conclusion, plaintiff has the ability to engage in substantial gainful activity. He is succeeding in the pursuance of his college education. This is a case in which a young man voluntarily retired from the work force and started to go to college. He has never done hard physical labor and has always been employed doing light, sedentary tasks. He has no medically determinable physical or mental impairment which would prevent his returning to some of the same type of work he formerly did. Where a claimant has the physical capacity to perform sedentary jobs or engage in employment that does not require arduous physical activity, vocational testimony is not necessary. Gray v. Secretary of Health, Education and Welfare, 421 F.2d 638 (5th Cir.).

■ I have reviewed the transcripts and records certified to the Court, considered the briefs of counsel, conducted oral arguments and I must conclude that substantial evidence exists to support the findings and conclusions of the Secretary of Health, Education and Welfare that the plaintiff, under conditions as they now exist, is not entitled to a period of disability or to disability benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C.A. Sections 416(i) and 423.

An appropriate order is entered.