William J. FISHBURN, Appellant,

v.

John GARDNER, Secretary of Health,
Education and Welfare, United
States of America.

No. 19401.

United States Court of Appeals,
Third Circuit.

Submitted Nov. 9, 1971.

Decided Dec. 21, 1971.

W. J. Krencewicz, Shenandoah, Pa.,
for appellant.

Merna B. Marshall, Asst. U. S. Atty.,
Philadelphia, Pa. (Louis C. Bechtle, U.
S. Atty., Victor L. Schwartz, Asst. U. S.
Atty., Philadelphia, Pa., on the brief),
for appellee.

Before VAN DUSEN and ROSEN,
Circuit Judges, and LAYTON, Senior
District Judge.

## OPINION OF THE COURT

PER CURIAM:

In this appeal, appellant seeks the reversal of an order, 313 F.Supp. 838, granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.

On March 14, 1966, plaintiff filed an application with the Social Security Administration for disability benefits. On August 2, 1966, the hearing examiner filed a decision against the plaintiff. It was affirmed by the Appeals Council on November 22, 1966. Plaintiff filed a complaint in the District Court on January 23, 1967, to contest the finding. The government then moved on March 29 to remand the matter to the Secretary of Health, Education and Welfare. He vacated the previous decision and remanded the matter before another hearing examiner. In the meantime, the government had plaintiff examined by Temple University Hospital physicians. The second hearing examiner also ruled against the claims of the plaintiff. The claimant then unsuccessfully appealed to

the Appeals Council prior to filing his complaint in the District Court.

Claimant had been a coal miner all his life. He has had problems with his lungs from the early 1950's. He has injured his spine, and has ulcers.

A plaintiff is entitled to disability benefits if he is unable to engage in any substantial gainful activity by reason of any physical or mental impairment attributable to his job.[1]

The hearing examiner found as fact both that the disability of which the claimant complained had been largely attributable to instances which occurred subsequent to the time when he had last met the special earnings requirement for disability purposes, and that the claimant was able to engage in certain other kinds of substantial gainful work which did and do exist in the national economy. Therefore, the claimant had failed to carry his burden in the case for those two reasons. The lower court upheld the determination of the hearing examiner, which was affirmed by the Appeals Council.

As a reviewing court, we may set aside the decision only if we find that such a decision was arbitrary, capricious, or an abuse of discretion, or that it was unsupported by substantial evidence in the record as a whole.[2] We cannot find that the fact finder either abused his discretion or acted on insubstantial evidence.

J. E. Klingman and Dr. C. M. Grip, both vocational experts, testified that many jobs existed which claimant could fill. Plaintiff's uclers seem to have arisen subsequent to his eligibility dates. His lung problems have plagued him since 1952, but he worked for eight years with those problems, and in December 1964, his lungs were judged normal by an objective testing. Despite his spine condition, he had worked in a mine from 1954–1957, until it closed. In addition, in June of 1967, his back seemed to be free from any serious condition upon examination. The record justifies the conclusion of the administrative authorities that there is no convincing evidence that the plaintiff was suffering from a mental impairment or that any such impairment was attributable to a disability for which he might recover. Thus, there was substantial evidence to support the decision of the hearing examiner, the Appeals Council, and the trial court. The record discloses no administrative action which was arbitrary, capricious or an abuse of discretion.

The decision of the District Court will be affirmed.

---

1. 42 U.S.C. §§ 416(i), 423.

2. 5 U.S.C. § 706(2) (A), (E).