**Stephen W. TERRY**

v.

**F. David MATHEWS, Secretary of Health, Education & Welfare.**

Civ. A. No. 75–2945.

United States District Court, E. D. Pennsylvania.

Nov. 9, 1976.

R. Lazorchick, Lansford, Pa., for plaintiff.

David W. Marston, U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Before this Court are cross-motions for summary judgment filed by the plaintiff and the defendant respectively. Plaintiff instituted an action in this Court for benefits pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Secretary of Health, Education and Welfare, denying his claim for disability insurance benefits.

After a careful review of the administrative record, we are of the opinion that the matter should be remanded to the Secretary for a rehearing. The purpose of such a rehearing will be to afford either or both parties an opportunity to produce such additional evidence as they may desire but, more particularly, an opportunity to produce testimony of a vocational expert or experts to testify as to the plaintiff's abilities, skills and opportunity for employment.

The term "disability" is defined in Section 223 of the Social Security Act, 42 U.S.C. § 423, to mean:

"The term 'disability' is defined in section 223 to mean—

\* \* \* \* \* \*

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; \* \* \*

\* \* \* \* \* \*

"(2) For purposes of paragraph (1)(A)

"(A) an individual \* \* \* shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, re-

gardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

\* \* \* \* \* \*

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

\* \* \* \* \* \*

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The record establishes that the Administrative Law Judge (ALJ) relied heavily upon the testimony of Dr. Hjordis G. Ohberg as a "vocational expert" who, in addition to testifying, was given the opportunity to examine the plaintiff or at least ask him various questions and then, on the basis of such questions and answers and the plaintiff's testimony generally, the witness concluded that there are jobs which do exist in northeastern Pennsylvania for which the plaintiff would be vocationally suited.

Without the testimony of the vocational expert, it is quite apparent from the record that the ALJ would have been unable to reach his conclusions. The ALJ has recognized that the plaintiff should no longer be exposed to the adverse environment of the coal mining industry and should no longer engage in the arduous work of coal mining (R. 14). Therefore, the ALJ properly concerned himself with the "evaluation of whether or not vocationally appropriate milder forms of work are permissible" in the context of the entire record. In engag-

ing in such evaluation, the ALJ properly and understandably referred to and heavily relied upon the testimony of the vocational witness, Dr. Ohberg. The plaintiff is currently receiving and has been awarded Federal "black lung" benefits, Pennsylvania Occupational Disease benefits and benefits from the Veterans' Administration resulting from the loss of the right thumb in World War II. In this context, the ALJ relying heavily, if not exclusively, upon the testimony of the vocational witness has denied the plaintiff the benefits here sought under the Social Security Act.

Logically then, we are led to an analysis of the testimony of the vocational witness. Reference to the resume of experience and background of said witness discloses that she is a psychologist, has had experience in the psychological evaluations of children, has worked as a psychiatric aide, has had some limited experience in occupational therapy and counseling. Her expertise in the psychological field is unquestioned. However, the issue here is not a psychological one. Rather, it is a question of expertise in the vocational field. She concludes that he can perform the duties of a watchman or guard on a selected shift pattern (R. 76), that such jobs are available at hospitals in the area (R. 78), and that even such employment must be "very selective" (R. 80). Recognizing certain additional evidence called to her attention regarding the plaintiff's complaints, she conceded that he "would not be able to maintain an eight-hour work day" (R. 82).

The overwhelming weight of the evidence, medically or otherwise, other than the testimony and the conclusions of Dr. Ohberg, is supportive of the plaintiff's claim for benefits. The heavy weight given to the testimony of Dr. Ohberg, in the light of her qualifications as a psychologist, as opposed to any qualifications as a vocational expert, is impermissible.

■ Finding and concluding as we do that the plaintiff has otherwise sustained the burden, we have no alternative but to remand the record for the appointment of a duly qualified vocational expert. At the

same time, both parties should be given the opportunity to submit such additional evidence as they may desire.

In reaching our conclusion, we are aware of the fact that the burden of proof rests upon the plaintiff: *Dupkunis v. Celebrezze,* 323 F.2d 380 (3d Cir. 1963); *Quinn v. Richardson,* 353 F.Supp. 363 (E.D.Pa.1973), *aff'd* 485 F.2d 681 (3d Cir. 1973); and it is not the burden of the Secretary to make an initial showing of nondisability. *Campbell v. Gardner,* 370 F.2d 921 (6th Cir. 1967); *Koss v. Richardson,* 329 F.Supp. 1270 (W.D. Pa.1971).

Moreover, we recognize our duties under the "substantial evidence" rule: *Fishburn v. Gardner,* 452 F.2d 1004 (3d Cir. 1971); *Gentle v. Finch,* 423 F.2d 244 (3d Cir. 1970).