**Joseph DAVIS**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. A. No. 76–1127.**

United States District Court, E. D. Pennsylvania.

July 29, 1977.

John F. Street, Philadelphia, Pa., for plaintiff.

Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This action is brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying the claimant disability benefits. After careful consideration of the record, I have determined that the Motion for Summary Judgment should be granted and that judgment should be entered for the defendant and against the plaintiff.

### FACTS

Mr. Davis, a 50 year old claimant, is 5′9″ tall and weighs 240 pounds. The claimant worked as a laborer in the construction industry until 1961. From 1961 until he last worked in January 1973, the plaintiff was employed by an abrasive manufacturing company. He performed various jobs including that of mixer, towtractor driver, and janitor.

The plaintiff was first hospitalized in January, 1973 for acute recurrent chest pains. There were three electrocardiograms which had normal results and the final diagnosis was acute coronary insufficiency due to arteriosclerotic vascular disease and degenerative arthritis of the cervical spine.

Plaintiff was hospitalized again from February 1, 1973 until February 14, 1973, for chest pains. Chest x-rays were normal and an electrocardiogram showed no significant changes. A third hospital admission occurred on March 31, 1973. The diagnosis was chest pains of unknown etiology with a history of chronic hypertension and cervical arthritis. The coronary artery disease was ruled out by a catheterization. The next admission was in July, 1973, and ended with a good prognosis. The plaintiff continued to see Dr. Thiester, a cardiovascular specialist, from June 20, 1973 until November 27, 1973. Dr. Frignito, a Board-certified psychiatrist and neurologist, examined the plaintiff on June 13, 1974. Plaintiff claimed he could hardly move due to intense cervical pain. The doctor found that the condition was some type of psychoneurotic reaction which was suggestive of hysterical or hypochondriacal neurosis. Dr. Crellin, an internist, diagnosed the condition as essential hypertension and obesity. An orthopedic surgeon examined plaintiff on April 14, 1975 and found he was obese but in good general condition. Dr. King, an osteopathic physician, treated the plaintiff while he was in the hospital from April 26, 1975 until May 8, 1975. Dr. King stated in a report that plaintiff was unable to work because he could not sit, stand or walk for any length of time. It was his opinion that plaintiff was suffering from a significant heart disease and that the jobs suggested at the hearing would cause plaintiff anxiety and increase the risk factor.

## DISCUSSION

To qualify for disability benefits, the claimant must show: 1) that there is a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of no less than twelve months; and 2) there must be a determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. *Fishburn v. Finch*, 313 F.Supp. 838 (E.D.Pa. 1970) *aff'd*, 452 F.2d 1004 (3d Cir. 1971). There is no doubt that plaintiff in this case has medical problems. The Administrative Law Judge ("ALJ") stated in the findings,

"3. [T]hat the evidence shows that the claimant has controlled diabetes through oral medication; a hypertensive cardiovascular disease, perhaps with a conorary insufficiency, which is controlled through medication; minimal degenerative changes of the cervical spine; and intermittent chest pains of unknown etiology which require the taking of Nitroglycerine from time to time." Tr. at 21.

However, the mere presence of a disease does not automatically establish a "disability" as defined in the act. The claimant also must satisfy the second element by presenting evidence that his impairment renders him unable to engage in substantial employment. *Gardner v. Richardson*, 383 F.Supp. 1 (E.D.Pa.1974).

The plaintiff claims he has satisfied this second element. He points to the information provided by Drs. Nedimilla, Seisley and Goldburgh (who is associated with Dr. Thiester). All of these doctors opined that based on their clinical and other experiences with the plaintiff, they believe that he is unemployable. However such medical reports do not themselves prove a "disability." The agency regulations, 20 C.F.R. § 404.1526 (1976), state that under these kinds of circumstances:

"The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, 'disabled,' 'permanently disabled,' 'totally disabled,' 'totally and permanently disabled,' or 'unable to work,' or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be

determinative of the question of whether or not an individual is under a disability." Especially if, as in this case, there is contradictory evidence, it is up to the Secretary, acting through the ALJ, to weigh the evidence and make the ultimate decision. The reviewing court must accord deference to the fact finder on issues of credibility. The court's function is limited to determining if the finding of facts and conclusions are supported by substantial evidence. The standard of review is whether there exists such relevant evidence as a reasoning mind would accept as sufficient to support a conclusion. *Ginsburg v. Richardson*, 436 F.2d 1146 (3d Cir. 1971).

Plaintiff contends that the ALJ did not base his decision on "substantial" evidence, because he allegedly erred in the standard used in evaluating evidence in the record. Plaintiff asserts that if the Court reviews the record as a whole, which includes both the evidence that supports and the evidence that contradicts from the decision, it will be found that there is a lack of substantial evidence. Plaintiff claims that the ALJ made three errors: 1) the ALJ improperly considered plaintiff's subjective complaints of pain; 2) the ALJ improperly dismissed certain medical testimony; and 3) the hypothetical presented to the vocational expert was inaccurate.

One of the plaintiff's primary medical complaints was allegedly constant and severe back pain. In deciding whether a claimant is "disabled," the ALJ must consider subjective pain. Pain, by itself or in conjunction with other medical problems, may be the basis for finding disability. *Bittel v. Richardson*, 441 F.2d 1193 (3d Cir. 1971); *Farmer v. Weinberger*, 368 F.Supp. 1 (E.D.Pa.1973). After consideration of this evidence, the ALJ concluded that the resulting discomfort from his back pain would not prevent him from doing the jobs listed by the vocational expert. He found that the subjective complaints were associated with a psychiatric diagnosis of functional overlay. The ALJ, according to the plaintiff, wrongfully allowed the finding of functional overlay to preclude the award of

benefits. Pain which is pychosomatic still may be disabling. *Torres v. Secretary of Health, Education and Welfare*, 372 F.Supp. 459 (D.P.R.1973). However, the ALJ ruled out this point in his decision. He stated that the psychiatric examination by Dr. Frignito determined that the functional overlay was not a psychiatric impairment which would preclude the claimant from sedentary employment. Thus, the ALJ satisfactorily fulfilled his obligations in deciding this case. If he explicitly addresses the issue in his decision and his conclusion is supported by evidence he has the discretion to reject a claim. *Barats v. Weinberger*, 383 F.Supp. 176 (E.D.Pa.1974).

Plaintiff contends that the ALJ erred in rejecting the claim because there was evidence on record to show that Mr. Davis' pain precludes him from engaging in gainful activity. This type of decision is precisely that which the law reserves to the ALJ. The ALJ reviewed all the medical information and considered the plaintiff's testimony and appearance in Court, before deciding whether the pain was or was not disabling. Great deference is given his judgment as fact-finder, since he actually heard the witnesses' testimony and observed their demeanor. "Most particularly, the administrative law judge to whom the Secretary delegated fact finding responsibilities, must decide issues of credibility and appropriate weight to be given the exhibits." *Gardner v. Richardson*, 383 F.Supp. 1, 5 (E.D.Pa.1974). In light of this standard there is substantial evidence to support the ALJ's finding on the subjective complaints.

The second claim involves the weight which the ALJ accorded the various medical conclusions which stated the plaintiff was unemployable. According to the plaintiff, these reports were improperly dismissed or discounted. It has been stated that it is an error on the part of the ALJ to disregard "uncontradicted opinion evidence" of the medical experts who examine the claimant even if there is not any objective clinical findings to support the conclusions. *Ross v. Gardner*, 365 F.2d 554 (6th Cir. 1966). However here there was contra-

dictory evidence concerning the actual extent of plaintiff's impairment. Under such circumstances,

". . . the claimant must produce more than unsubstantiated, contradictory and totally conclusory statement to carry her burden of establishing a medically demonstrable disability on the relevant data." *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).

Whether or not the plaintiff has satisfied the burden of proof is to be determined by the ALJ. The weight to be given a physician's statement depends on the extent it is supported by clinical findings and if it is consistent with other evidence. Where there are contradictions, it is the ALJ's function to explicitly resolve them and discredit the facts he finds lack credibility. *Barats v. Weinberger, supra.* In this case the ALJ went through each of the doctor's reports. He specifically discussed the physicians' reports which found plaintiff to be disabled. The ALJ noted that the conclusions on disability were improper. The ALJ found that the comprehensive and objective testing did not establish a disabling impairment. I find that this is a satisfactory treatment of the evidence.

The plaintiff's final objection concerns the hypothetical questions which were presented to the vocational expert. Since these hypotheticals are used to determine what jobs the plaintiff is able to perform, the law requires that the hypothetical contain accurate assumptions and include a determination of the effect of the subjective complaints in the ability to work. *Wilson v. Weinberger, 398 F.Supp. 1071 (E.D. Pa.1975).* The ALJ posed two hypotheticals to the vocational expert. *The first one assumed plaintiff had the following complaints: occasional numbness in right arm, shortness of breath, back pain, hypertensive arteriosclerotic cardiovascular disease with coronary artery disease, diabetes controlled with medicine and a circulatory problem. The vocational expert responded that under these circumstances plaintiff would be completely disabled. The second hypothetical had the expert assume that plaintiff had degenerative arthritis of the cervical spine;*

*hypertensive cardiovascular disease controlled with medication; no prolonged standing, walking or bending; and chest discomfort which require nitroglycerine. The conclusion was that plaintiff could work. The ALJ, after considering which ailments had been established, followed the second conclusion and decided that the plaintiff was not disabled. After a close review of the record I have found that the assumptions were supported by the evidence. It is within the ALJ's discretion to evaluate the credibility of the assumptions and base his decision on one set of facts rather than another.*

For the above reasons, I find that there is substantial evidence to support the ALJ's decision.