Joseph WILSON

v.

Caspar W. WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 74–1823.

United States District Court,
E. D. Pennsylvania.

July 25, 1975.

Herbert K. Fisher, Philadelphia, Pa., for appellant.

Kenneth A. Ritchie, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Before us is defendant's motion for summary judgment in the above-captioned case, which seeks review of a final decision of the Secretary of Health, Education and Welfare terminating the plaintiff's period of disability for benefits under the Social Security Act, 42 U.S.C. § 405(g).

The claimant filed for disability benefits on July 13, 1972, alleging that he became disabled following an automobile accident on January 4, 1971. He was awarded a closed period of disability from January 4, 1971, until May 11, 1972. Reconsideration of this decision was requested on January 17, 1973. The request was granted, and the prior determination was affirmed; notification of the result was rendered on April 11, 1973. The claimant, who disagreed with the result, sought a hearing before an Administrative Law Judge, pursuant to the provisions of 42 U.S.C. § 405(b); the hearing was held on September 20, 1973, in Philadelphia. Testimony was presented on behalf of the claimant, through his counsel, and the agency adduced testimony from an impartial Vocational Expert retained by the Bureau of Hearings and Appeals. The Administrative Law Judge adjudicated the matter affirming the previous termination of benefits and making the additional determination that the claimant was not then entitled to benefits, on February 27, 1974. A request for review of this decision was filed by Mr. Wilson's attorney on February 28, 1974. By letter on May 24, 1974, the Appeals Council notified the claimant that it had affirmed the decision of the Administrative Law Judge. A timely complaint was thereafter filed with this Court, pursuant to 42 U.S.C. § 405(g).

■  ■ As documentation for this claim, we have the transcript of the hearing held before the Administrative Law Judge, his opinion, and all the medical records and other materials which

have been given consideration in various determinations of this matter. The scope of our review is governed by 42 U.S.C. § 405(g):

> The findings of the Secretary as to any fact, *if supported by substantial evidence,* shall be conclusive . . ..

(Emphasis added). " '[S]ubstantial' means just that and is not the equivalent of a 'scintilla.' " Hess v. Secretary, 497 F.2d 837, 838 (3d Cir. 1974). Substantial evidence " 'must do more than create a suspicion of the existence of the fact to be established.' " Rivas v. Weinberger, 475 F.2d 255, 257 (5th Cir. 1973). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). However, I am not to engage in a trial *de novo.* Toborowski v. Finch, 363 F.Supp. 717, 718 (E.D.Pa.1973). Thus our mandate is to look at the record as a whole and then to determine whether or not there is substantial evidence to support the Secretary's decision. "If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed." *Id.* at 719.

The test for disability involves two major factors: (1) a determination of the extent of the physical or mental impairment, and (2) a determination as to whether that impairment results in an inability to engage in any substantial gainful activity. Stancavage v. Celebrezze, 323 F.2d 373, 377 (3d Cir. 1963). Within this framework four elements of proof must be considered before deciding whether a claimant is disabled within the meaning of the Social Security Act: (a) medical data and findings, (b) expert medical opinions, (c) subjective complaints, and (d) claimant's age, educational background, and work history. Dillon v. Celebrezze, 345 F.2d 753, 755 (4th Cir. 1965); Toborowski v. Finch, *supra,* at 719.

In his opinion, the Administrative Law Judge said:

> From his testimony and symptoms presented upon examination, it is apparent that claimant does experience pain in the knees, low back and legs. Pain is indeed an important factor in causing functional loss. But functional loss should be shown by relevant abnormal findings as reflected in detailed descriptions of ranges of motion, status of musculature and any sensory, reflex or circulatory deficits and pertinent laboratory findings.

(T.R. 13). We do not see in this statement any direct finding as to the effect of the subjective pain of claimant on his ability to work. This is critical, since subjective factors must be treated in the determination of ability to work. Dillon v. Celebrezze, *supra.* Also, the two hypothetical questions put by the Administrative Law Judge to the vocational expert covered essentially identical physical conditions, but one hypothesized a moderate and non-continuous level of pain, while the other assumed the level of pain described by claimant. With respect to the first hypothesis, the vocational expert testified that there were many entry-level, moderately skilled, sedentary jobs jobs which the hypothesized claimant could perform. In response to the second question, he stated:

> No, there—given that assumption, he can—there is—do no job he can perform to the extent and frequency of his pain and the other condition he would be a danger to himself and to others on the job. . . . [*sic*]

(T.R. 60). Since the answers to these hypothetical questions were the only evidence presented to the hearing judge relative to the ability of the claimant to perform work, the pain factor becomes critical in determining whether there was substantial evidence to support the finding of the judge.

We may not speculate about the Administrative Judge's opinion of the credibility of claimant's accounts of pain and suffering. The law in this Circuit clearly imposes a duty upon the hearing judge

to make explicit findings of fact on material issues.

It is incumbent upon the examiner to make specific findings—the court may not speculate as to his findings.

Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). In this district, Judge Luongo recently remanded a suit similar to this one, in which the examiner's evaluation was at best cursory, on the strength of *Baerga*. Baith v. Weinberger, 378 F. Supp. 596, 604 (E.D.Pa.1974). When, as in the case at bar, there is an inadequate foundation to decide whether the determination of the hearing judge is supported by substantial evidence, remanding the issue to the Secretary is the only proper course.

Since we will remand this case for additional administrative findings, we believe it is desirable to furnish the hearing judge with some additional guidelines. The paragraph of the findings which discussed the pain of claimant referred to a need for clinical and medical findings of abnormalities. This is erroneous in two respects. First, there was the apparent refusal to acknowledge reports from several medical personnel with respect to the injury to the knees, low back and legs. There is, for example, a report from Dr. Auday, an orthopedic physician, who described the claimant as "capable of working", but added that the "[m]ain complaint of this patient is of pain . . ." and that "x-rays of the lumbosacral spine show signs of osteo-arthrosis condition capable of giving to the patient backaches off and on." (T.R. 128–29). This was the most favorable (to the defendant) finding on claimant's condition. Dr. Klinghoffer found "synovitis of knees" and an "uncertain prognosis". (T.R. 124). Dr. Lundy reported that the patient was under his care for the following ailments: severe degenerative joint disease of the right and left knees;

residuals of torn medial cartileges of both knees and their surgical treatment; chondromalacia of the patella; and a lumbosacral sprain. (T.R. 138). Finally, Dr. Stein conducted a thorough examination on December 3, 1973, and reported finding an area of numbness down the inner aspect of both thighs going down to the region of the knees, definite L2–L3 narrowing and discogenic damage in the lumbosacral spine, a "fairly marked spina bifida involving not only L5 but also L4", and a continuation of the knee problems unresolved by the prior knee operations. He also determined that there had been a pre-existing anomaly in the lumbosacral spine which had flared up as a result of the accident. (T.R. 142). Since we do not pretend to any specialized knowledge in the field of medicine, we would want specific findings as to whether these conditions constitute the "abnormalities" which the Administrative Law Judge thought he had to find.

On remand all evidence pertaining to this matter, including such additional evidence as is necessary to be adduced, should be weighed, and specific findings should be made in this regard.

The requirement of clinical findings of abnormalities raises the second question about the administrative proceedings in this case. As we understand the law in this field, no medical or clinically observable symptomatology is necessary for a finding of disability based on subjective complaints. "Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof." Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971). *See also* Rosa v. Weinberger, 369 F.Supp. 377 (E.D.N.Y.1974); Longo v. Weinberger, 369 F.Supp. 250 (E.D.Pa.1974). "Pain, in itself, may be a disabling condition . . .." Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974), *cert. de-*

*nied,* 420 U.S. 931, 95 S.Ct. 1133, 43 L. Ed.2d 403 (1975).

The testimony at the hearing on this case disclosed an individual who is capable of movement and activity in the physical sense, but who claims to be severely limited due to extreme pain which arises when he sits, walks, or tries to perform any work, even such light work as housecleaning or putting on his shoes. The Administrative Law Judge has not made clear or precise findings with respect to the degree of effect claimant's pain has on his disability, nor has he made any finding specifically as to his acceptance or rejection of claimant's protestations of extreme pain. The standard applied in the hearing also was incorrect under the law which had evolved in this, as well as in other circuits. Therefore, the matter must be remanded for further proceedings in accordance with the mandate of Title 42 U.S.C. § 405(g).

Although plaintiff has not filed a cross-motion for summary judgment, we may and will determine the matter as though such a motion had been made. Highway Truck Drivers Local 107 v. Roadway Express, Inc., 266 F.Supp. 868 (E.D.Pa.1966); 6 J. Moore, Federal Practice ¶ 56.12 (2d ed. 1965). The following Order will be entered.

### ORDER

And now, to wit, this 25th day of July, 1975, upon consideration of defendant's motion for summary judgment, the memorandum of law in support thereof, and plaintiff's counter-memorandum, for the reasons set forth in the annexed Opinion,

It is ordered that defendant's motion be and the same hereby is denied:

It is further ordered that the case be and hereby is remanded to the Secretary of Health, Education and Welfare for further proceedings in accordance with this Opinion.