Marguerite RUSNAK, Plaintiff,

v.

Forrest David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 4689.

United States District Court, D. Delaware.

June 28, 1976.

Richard Allen Paul and Paul M. Lukoff, of Paul & Lukoff, Wilmington, Del., for plaintiff.

W. Laird Stabler, Jr., U. S. Atty., and John H. McDonald, Asst. U. S. Atty., Wilmington, Del., and Joel Cohen, Asst. General Counsel, and Randolph W. Gaines, Acting Chief of Litigation, Social Security Div., Dept. of Health, Education and Welfare, Washington, D. C., of counsel, for defendant.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Plaintiff Marguerite Rusnak seeks judicial review pursuant to 42 U.S.C. § 405(g) of a final decision by the Secretary of Health, Education, and Welfare rejecting her claim for disability insurance benefits under 42 U.S.C. §§ 416 and 423.

Plaintiff's efforts to obtain disability insurance benefits began more than four years ago when she filed an application for disability insurance benefits on January 25, 1972. After denial of her claim by the Bureau of Disability Insurance, her application received a hearing before an administrative law judge. After the law judge's adverse decision was upheld by the Appeals Council of the Social Security Administration, plaintiff filed a timely appeal with this court which remanded the case to the Secretary on March 6, 1974,

> "for additional findings on the credibility and truthfulness of plaintiff's subjective complaints of pain and its general degree of intensity [and] for a determination whether or not the pain, albeit unaccompanied by loss of function, is so intense as to disable her from performing gainful employment."[1]

On remand from this court, a hearing before a different administrative law judge was held December 14, 1974. Although the law judge on April 4, 1975 issued an opinion (R. 155–67) rejecting plaintiff's contention, the Appeals Council remanded the case to the law judge on April 29, 1975, (R. 148–50) primarily because the law judge had failed to follow the instructions of this Court's remand order. On June 10, 1975, the law judge revised his original opinion and again denied the relief sought by plaintiff. (R.

134–46). Thereafter on September 26, 1975, the Appeals Council upheld the law judge's decision (R. 125–28) and plaintiff again sought judicial review in this court.

Because of the scope of this Court's remand order, the factual background necessary for an understanding of plaintiff's present arguments and the range of legal issues confronting the Court have been narrowed significantly.

Plaintiff, now 55 years old, broke her right wrist in May 1970, but the injury was not diagnosed until August 1970. After various treatments failed, surgery on the wrist was performed in December 1970. Although plaintiff apparently eschewed further medical attention for her wrist until March 1972, she claims that her right wrist and arm have been in constant and severe pain and that her right hand has been both painful and numb. (R. 241–45). Plaintiff's husband testified before the law judge that his wife's use of her right arm was severely limited and that she suffered extensively from the pain. (R. 268).

An examination by an orthopedic surgeon in March 1972 revealed no swelling, loss of function, or stiffness in the wrist, and he was unable to provide objective medical evidence to explain the pain experienced by the plaintiff.[2] (R. 113–14).

A vocational expert testified in essence that, if the plaintiff had suffered the continuous extreme pain in her right hand, wrist, arm and shoulder as she contended, "[t]here would be no jobs that she could perform on a regular sustained basis in competition with others." (R. 281).

In order to succeed with her claim for disability insurance benefits, plaintiff had

---

1. Docket Item 11, Civil Action No. 4689, p. 8; *Rusnak v. Weinberger*, 372 F.Supp. 878 (D.Del. 1974). The original proceeding was Civil Action No. 4689, and the present action was brought as Civil Action No. 75–336. The actions were consolidated by stipulation in Civil Action No. 4689. The record of the initial administrative proceedings appears as Docket Item 4 of Civil Action No. 4689. The record of the administrative proceedings after remand

was filed as Docket Item 4A in Civil Action No. 75–336. However, the pages are numbered sequentially from one volume to another and these page numbers will be used for citation to the record as "R. ___."

2. The first law judge observed "that the right hand and fingers appeared to be slightly swollen in comparison with the left hand." (R. 8).

the burden of establishing to the Secretary that she was disabled within the meaning of the statute[3] for a period of twelve months commencing on or before September 30, 1971, the date when her insured status expired. In light of the vocational expert's testimony, if plaintiff's description of her pain during the relevant period had been accepted by the Secretary, she would have been entitled to disability insurance benefits. However, the Secretary refused to believe her crucial testimony on the issue of pain suffered during the critical period. It is this conclusion that plaintiff now challenges.

■ The scope of this Court's review of the Secretary's determination to deny disability insurance benefits is delimited by the "substantial evidence" test, 42 U.S.C. § 405(g), which has been defined to require

" 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 [59 S.Ct. 206, 217, 83 L.Ed. 126] (1938)." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Plaintiff who bore the burden of proof in the administrative proceedings continues to shoulder the burden in this court.

■ At the administrative hearing, there was no objective medical evidence to support plaintiff's contention that she suffered disabling pain in her right wrist on or before September 30, 1971. However, "[s]ymptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof." *Bittel v. Richardson,* 441 F.2d 1193, 1195 (C.A.3, 1971). On the other hand, where no objective medical evidence is adduced, the fact finder must remain on guard against fabrication or exaggeration by the claimant. *Baith v. Weinberger,* 378 F.Supp. 596 (E.D.Pa.1974). Also, the reviewing court must accord deference to the fact finder on issues of credibility since he heard the witnesses and observed their demeanor. *Gardner v. Richardson,* 383 F.Supp. 1, 5 (E.D.Pa. 1974); *Longo v. Weinberger,* 369 F.Supp. 250, 257 (E.D.Pa.1974). Thus, the law judge was not obligated to accept the testimony of plaintiff and her husband if he could articulate reasons consonant with the substantial evidence test for rejecting it.[4]

**3.** 42 U.S.C. § 423(d) reads in pertinent part as follows:

"(1) The term 'disability' means—
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months;

\* \* \* \* \* \*

"(2) For purposes of paragraph (1)(A)—
(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such

individual lives or in several regions of the country.

\* \* \* \* \* \*

"(3) For purposes of this subsection a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

\* \* \* \* \* \*

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

**4.** In support of her credibility, plaintiff points to the opinion of Dr. Sarah Jastak, a psychologist, that she was not a malingerer and was not feigning her pain. (R. 205). Dr. Jastak examined the plaintiff on April 8, 1974, (R. 208) but the law judge concluded that Dr. Jastak's testimony did not aid in understanding plaintiff's condition prior to the expiration of her insured status partly because the examination was conducted long after the critical period and partly because the physical symptoms considered during the examination were not limited to those arising from the wrist injury. (R. 140–41). The Court is unable to conclude that the law

■ The law judge concluded upon remand that he could not believe the testimony of plaintiff and her husband on the issue of the pain in her right hand, wrist, arm and shoulder during the relevant time period.

"[C]onsideration of the testimony of the claimant (and her husband) has led to the conclusion that the testimony reflects considerable exaggeration of the extent and severity of her symptoms and, consequently, the Administrative Law Judge has little confidence in the claimant's allegations with respect to the degree of severity of her wrist and shoulder impairment on or before September 30, 1971, when her insured status expired.

\* \* \* \* \* \*

"While the claimant's symptoms may form the basis for a finding of inability to perform any substantial gainful activity, neither the Administrative Law Judge's observations of the claimant and the thrust of her testimony, nor the medical evidence make reasonable the acceptance of the severity of claimant's wrist and shoulder impairment on or before September 30, 1971, when her insured status expired." (R. 143).

The law judge offered two grounds to explain his failure to credit the testimony of plaintiff and her husband. First, because she suffered from several ailments including a bad back after the expiration of her insured status, the law judge concluded that plaintiff was unable to differentiate the suffering caused by her wrist injury from the suffering caused by her other health problems. Second, he thought that her apparent failure to seek medical assistance after her wrist operation was inconsistent with her description of the pain because an individual experiencing debilitating pain would be expected to seek medical attention. Thus, the law judge, who observed the witnesses, set forth a plausible explanation for choosing to disbelieve plaintiff and her husband.[5] Recognizing the deference which must be given to the law judge in a situation such as this one, the Court cannot conclude that he was wrong.

■ Plaintiff also suggests that the law judge erred in considering the lack of objective medical data. While a claimant's testimony about pain can support a finding of disability, the law judge is still required to consider the record as a whole. *Gardner v. Richardson, supra.*

In conclusion, although the Court in the first instance might have reached a different result, it is bound by the "substantial evidence" test, and plaintiff simply has failed to meet the rather rigorous standard of disability within the critical period of her insured status. Accordingly, judgment will be entered for the defendant.

---

judge acted improperly in failing to accord greater weight to Dr. Jastak's testimony.

5. Because credibility controls resolution of plaintiff's claim, a troubling, possible inconsistency among the opinions issued by the law judges must be considered.

The first law judge wrote, "Claimant gave the impression of being honest and straightforward and did not seem to embellish the conditions or overstate her symptoms." (R. 8).

The second law judge wrote in his first opinion, "But, without imputing any lack of credibility to the testimony of the claimant or her husband, it is. . . ." (R. 164).

However, without additional hearing, the second law judge on remand from the Appeals Council reversed an apparent factual finding when he came to the "conclusion that the testimony reflects considerable exaggeration of the extent and severity of her symptoms." (R. 143).

Although this about-face could easily be perceived as a poorly concealed effort to manipulate the factual findings to support a pre-ordained result, the law judge's explanation, in view of the normal expectation of regularity in administrative proceedings, manages to avoid sounding implausible. Evidently, he did not intend to charge plaintiff and her husband with deliberately trying to deceive him; instead, he decided that their recollection of the events during the relevant period was faulty. The Court is concerned about the potential abuse of the fact finding process in this case, but a review of the record convinces the Court that it cannot say, within the limits of the substantial evidence test, that the law judge's ultimate conclusion was erroneous.