Beatrice DAVIDSON

v.

Patricia Roberts HARRIS, Secretary of
Health and Human Services.

Civ. A. No. 79–2739.

United States District Court,
E. D. Pennsylvania.

Nov. 24, 1980.

Peter F. Vaira, U. S. Atty., Alexander Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Patricia L. Smith, Community Legal Services, Law Center Girard, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This action is brought under Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to review a final decision of the Secretary of Health and Human Services denying a waiver of adjustment or recoupment of overpayment in Supplemental Security Income benefits. The decision of the Administrative Law Judge on December 21, 1978 became the final decision of the Secretary in this case when the Appeals Council determined, on May 23, 1979, that there was no basis for review under 20 C.F.R. § 416.-1465. The final decision holds that the claimant received Supplemental Security Income of $667.58 in excess of that to which she was entitled; that recovery of the overpayment would defeat the purpose of Title II of the Social Security Act; but that as the claimant was with fault with regard to the overpayment, repayment of the overpayment would not be waived. This matter is before the Court on cross–motions of the parties for summary judgment. In the alternative, the claimant has requested the record of this case be remanded to the Secretary for a hearing de novo.

Title 42 U.S.C. § 405(g) provides in pertinent part that:

> The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.

Thus, in reviewing the Secretary's decision, the Court's role is narrowly circumscribed. The sole question is whether there was substantial evidence in the record as a whole to support the finding of the Secretary that the plaintiff was with fault and not entitled to a waiver of recoupment of the overpay-

ment.[1] "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Ginsburg v. Richardson,* 436 F.2d 1146, 1148 (3d Cir. 1971); *Davis v. Califano,* 439 F.Supp. 94 (E.D.Pa. 1977); *Good v. Weinberger,* 389 F.Supp. 350 (W.D.Pa.1975). As our Third Circuit has noted, "substantial means just that and is not the equivalent of a 'scintilla'." *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837 (3d Cir. 1974); *Wilson v. Weinberger,* 398 F.Supp. 1071 (E.D.Pa. 1975). Although this Court's role in reviewing the findings of the Secretary is narrow, the Court is required to scrutinize the entire record to determine whether the conclusions reached by the Secretary are rational. *Abbotts Dairies Div. of Fairmont Foods, Inc. v. Butz,* 389 F.Supp. 1 (E.D.Pa.1975); *E. W. Coslett and Sons, Inc. v. Bowman,* 354 F.Supp. 330 (E.D.Pa.1973); *Cohen v. McNamara,* 282 F.Supp. 308 (E.D.Pa.1968). After a careful review of the record, and for the reasons which shall appear hereinafter, the Court is of the opinion that plaintiff's motion for summary judgment should be granted and defendant's motion for summary judgment should be denied.

The findings of the Administrative Law Judge were a product of a hearing held on June 21, 1978 in Philadelphia, Pennsylvania. At that hearing it was adduced that claimant had made a joint application for Supplemental Security Income benefits (hereinafter SSI) and Retirement Insurance benefits (hereinafter RIB) on August 15, 1974. At the time the applications were submitted to the Social Security Administration, plaintiff was sixty-nine years old. Mrs. Davidson's application for SSI was approved on October 23, 1974 and benefits were paid retroactive to August, 1974. (Tr. 70). Thereafter, and into 1975, she received SSI as was appropriate under law. On August 15, 1975, her application for RIB was approved and she received a lump–sum check in the amount of $2560.60, awarding RIB for the period August, 1973 through July 1975. By letter dated May 24, 1977, plaintiff was notified of an overpayment in SSI benefits in the amount of $1595.30 for the period July, 1975 through September, 1975. (Tr. 75). This overpayment was the result of Mrs. Davidson receiving the retroactive lump–sum RIB check in the amount of $2565.60 in August, 1975. Under the rules and regulations promulgated pursuant to Title XVI of the Social Security Act, RIB are considered as income for the quarter received. 20 C.F.R. § 416.1115 and § 416.-1130(f). Consequently, plaintiff was not entitled to SSI for the quarter July, 1975 through September, 1975 since her income for that quarter exceeded the maximum allowed under Title XVI. 20 C.F.R. § 416.-1101(b). The overpayment was allegedly due to the fact that the Social Security Administration was unaware of plaintiff's receipt of RIB. (Tr. 75). Plaintiff requested a waiver of the recovery of the overpayment on June 2, 1977 and this request was subsequently denied on June 15, 1977. (Tr. 76, 90–93). The initial decision that there had been an overpayment in the amount of $1595.30 was affirmed by letter dated August 3, 1977, and commencing September, 1977 $20.00 per month was withheld from Mrs. Davidson's SSI check. It is interesting to note that upon further investigation, the Social Security Administration discovered an error in calculating the amount of the overpayment. It was determined that the receipt of the lump–sum RIB check in August, 1975 had resulted in an overpayment of only $667.58 in SSI for the quarter July, 1975 through September, 1975. Plaintiff requested and was granted a hearing de novo on the issue of whether she was entitled to a waiver of the recovery of the

---

1. Plaintiff alleged in her complaint that she did not receive a full and fair hearing in that the Administrative Law Judge conducted an adversarial hearing in violation of the intent of the Social Security Act. Plaintiff's legal representative also alleged, after the June 21, 1978 hearing, bias and unprofessional conduct on the part of the Administrative Law Judge. Those issues have not been pursued in plaintiff's cross–motion for summary judgment and we make no finding as to those issues.

$667.58. At the time of the hearing, on June 21, 1978, $20.00 per month was still being recouped from her SSI check and was continued. (Tr. 58–59).

It was also determined at the June 21 hearing that plaintiff attended school to the eleventh grade, and had been employed as a presser, as a postal worker, as a domestic, and also, for four years, for the Commonwealth as a custodial employee. (Tr. 40–43). Claimant can read and write, is separated from her husband and lives alone in a rented apartment. In addition, the claimant testified that shortly after receipt of her lump–sum RIB check, she contacted the Social Security District office to advise them of the receipt of the RIB check. (Tr. 53–55). There was also testimony that she contacted her caseworker who works for the City of Philadelphia and who worked on Social Security problems. (Tr. 59). Claimant further testified that she was not advised by the claims representative, at that time or anytime thereafter, that it would be necessary to reimburse the Social Security Administration for SSI received for July, 1975 through September, 1975. No evidence was presented to contradict this testimony. Claimant also testified that she was presently receiving $133.50 per month in RIB and $76.50 per month in SSI, for a total income of $210.00 per month. She has no other source of income. (Tr. 63).

Upon consideration of the testimony and documentary evidence, the Administrative Law Judge made the following findings:

1. That the claimant was found to be eligible for Supplemental Security Income and Retirement Insurance benefits as were appropriate under the law.

2. That by reason of a lump sum retroactive payment of Retirement Insurance benefits in August 1975 of $2,560.60, claimant was overpaid Supplemental Security Income in the sum of $667.58.

3. That the claimant was with fault with regard to the overpayment of $667.58.

4. That recovery of the overpayment would defeat the purpose of Title II of The Social Security Act.[2]

5. That recovery of the overpayment is not waived as claimant was with fault with regard to the overpayment.

The Administrative Law Judge cited Section 1631(b) of The Social Security Act, 42 U.S.C. § 1383(b) which provides that:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was *without fault* in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter. (Emphasis added).

By regulation, the Secretary has determined that waiver of adjustment or recovery of an overpayment of SSI benefits is applicable when

(a) The overpaid individual was without fault in connection with an overpayment, and

(b) Adjustment or recovery of such overpayment would either:

---

2. The Administrative Law Judge cited 20 C.F.R. § 416.552 as the applicable regulation. This regulation addresses itself to Title XVI of The Social Security Act. However, because the Administrative Law Judge held that recovery of adjustment would deprive claimant of income

or financial resources needed for ordinary and necessary living expenses, the criteria of 20 C.F.R. § 404.508(a) were applicable. This regulation addresses itself to Title II. See 20 C.F.R. § 416.553(b).

(1) Defeat the purpose of title XVI, or

(2) Be against equity or good conscience, or

(3) Impede efficient or effective administration of title XVI due to the small amount involved. 20 C.F.R. § 416.550. The criteria to be applied when making a determination as to whether an individual is "without fault" are enumerated in 20 C.F.R. § 416.552 which states that:

Waiver of adjustment or recovery—without fault.

"Without fault" relates only to the situation of the individual seeking relief from adjustment or recovery of an overpayment. The overpaid individual (and any other individual from whom the Social Security Administration seeks to recover the overpayment) is not relieved of liability and is not "without fault" solely because the Social Security Administration may have been at fault in making the overpayment. In determining whether an individual is without fault, the "fault" of the overpaid person and the "fault" of the individual seeking relief under the waiver provision are considered. Whether an individual is "without fault" depends on all the pertinent circumstances surrounding the overpayment in the particular case. The Social Security Administration considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e. g., age, comprehension, memory, physical and mental condition). Although the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following:

(a) Failure to furnish information which the individual knew or should have known was material;

(b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or

(c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

It is clear that the Administrative Law Judge must consider all pertinent circumstances in each case. The pertinent circumstances may include, at a minimum, a consideration of the factors listed in § 416.552. It is not clear from the opinion of the Administrative Law Judge, upon which part of the regulation he based his finding that plaintiff was not "without fault." However, it appears to this Court that a fair reading of the opinion suggests that the Administrative Law Judge determined that plaintiff was not "without fault" because she "did not return a payment which she knew or could have been expected to know was incorrect." 20 C.F.R. § 416.-552(c).

The Administrative Law Judge cited several factors in support of his finding that plaintiff was with fault with regard to the overpayment. He noted that:

The application for supplemental security income itself deals especially with the financial situation of the applicant and elicits detailed information with regard thereto. It also points out claimant's responsibilities, which, among other things, includes the responsibility of notifying the Social Security Administration as to income and resources. The claimant/applicant's agreement to comply with the responsibilities is specifically requested on the application. The application for retirement insurance benefits also makes inquiries as to the claimant/applicant's income, identifies maximum earnings to which a recipient of benefits is entitled when receiving benefits, and also requires the reporting of earnings. (Tr. 14).

Based upon the information requested and provided on the RIB and SSI applications, the Administrative Law Judge remarked at the June 21 hearing that "I think this would be reasonably sufficient to alert her that a lump sum payment–that she would have the obligation to at least check into it and find out if she was entitled to all that since there were two separate programs involved." (Tr. 53). The Administrative Law Judge further concluded in his opinion "That claimant's responsibility pursuant to each of these applications was not explained to her, especially since both applications were made together, cannot be accepted." (Tr. 14). At the hearing, Mrs. Davidson testified that she immediately reported the receipt of the lump sum RIB check to the Social Security Administration. Yet, she was not advised to reimburse the Social Security Administration if she received any SSI checks during the quarter in which she was paid her retroactive RIB check. (Tr. 53, 55–56).

In addition, plaintiff testified that nothing she ever read indicated to her that she was not entitled to any of the money (Tr. 55), that she was not told before she spent the lump sum, that she was supposed to reimburse SSI for any benefits. In addition, on the Overpayment Recovery Questionnaire (Exhibit 18), in response to the question "When were the conditions under which you could receive payments first explained to you?", claimant answered "No one explained anything."

■ This Court is well aware that in reviewing the Secretary's decisions it must accord deference to the fact finder on issues of credibility since he heard the witness and observed his demeanor. *Rusnak v. Mathews*, 415 F.Supp. 822 (D.Del.1976). Although under the law it is the prerogative of the Administrative Law Judge to disbelieve a claimant, his finding that the claimant's testimony is not credible must be supported by sufficient evidence. *Davis v. Califano*, 439 F.Supp. 94 (E.D.Pa.1977); *Barats v. Weinberger*, 383 F.Supp. 276 (E.D.Pa. 1974); *Baith v. Weinberger*, 378 F.Supp. 596, 604 (E.D.Pa.1974). As stated by our Third Circuit:

. . . the administrative law judge may not reject a claimant's testimony without some evidence in the record to support this rejection. In addition, the administrative law judge's decision should "include a statement of [the] subordinate factual foundatio[n] on which [this] ultimate conclusio[n was] based, so that a reviewing court may know the basis for the decision." *Hargenrader v. Califano*, 575 F.2d at 437, *quoting Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). It is especially important that the Secretary support his decision not to give full credence to an applicant's testimony when it is critical to the applicant's eligibility. *Id. Harrison v. Califano*, C.A. No. 78–1537 (3d Cir. Feb. 27, 1979) (Unpublished Opinion) at 5.

As Judge Latchum stated in *Rusnak, supra*,

Thus, the law judge was not obligated to accept the testimony of plaintiff and her husband if he could articulate reasons consonant with the substantial evidence test for rejecting it. *Id.* at 824.

The Administrative Law Judge stated in his report that:

Claimant's credibility is a prime concern. The applications she signed, the financial details she was required to supply, the responsibilities she agreed to, and the warnings she was given were simply too great to accept that claimant was without fault as to the overpayment. (Tr. 15).

The Administrative Law Judge obviously based his finding as to claimant's credibility on (a) the applications she signed, (b) the financial details she supplied, (c) the responsibilities she agreed to, and (d) the warnings she was given. A review of the record has convinced this Court that there is no evidence in this record supporting the finding of the Administrative Law Judge concerning the claimant's credibility.

■ Similarly, in the instant case a careful examination of the record indicates that there is no factual basis in the Administrative Law Judge's decision or on the record as a whole which supports the Ad-

ministrative Law Judge's overall finding of fault and his refusal to accept plaintiff's testimony that (1) she was not initially advised as to the possibility of a future overpayment due to her joint applications; (2) she in fact notified the Social Security Administration upon receipt of her RIB lump–sum check; and (3) she was not told a refund of SSI benefits would be required. We are mindful that as a reviewing court, even though we may have reached a different conclusion on the same evidence, we are not free to substitute our findings for the ultimate findings of the Secretary so long as the findings of the Secretary are supported by substantial evidence. *E. W. Coslett and Sons, Inc. v. Bowman,* 354 F.Supp. 330 (E.D.Pa.1973); *Cohen v. McNamara,* 282 F.Supp. 308 (E.D.Pa.1968). In the instant case, however, the "applications she signed, the financial details she was required to supply, the responsibilities she agreed to, and the warnings she were given" cannot be deemed as "such relevant evidence as a reasonable mind might accept as adequate to support" the conclusion that plaintiff was at fault. In addition, "There must be a rational basis on the record to support the Secretary's decision." "The facts necessary to support the inferences and findings must be in the record." *Abbotts Dairies Div. of Fairmont Foods, Inc. v. Butz,* 389 F.Supp. 1, 11 (E.D.Pa.1975). As our discussion indicates, the facts as revealed in the record do not reasonably or rationally support the finding that claimant was at fault within the meaning of 20 C.F.R. § 416.552.

■ A further basis on which the Administrative Law Judge relied in finding that plaintiff was at fault was that "claimant is a literate individual having continued in school until the eleventh grade and working thereafter in several types of employment. She cannot claim ignorance as an excuse." (Tr. 15). The reasoning of the Administrative Law Judge appears to be that claimant is deemed to know and understand the regulations regarding overpayments merely because she can read and write, and that she knew or should have known that she was being overpaid SSI benefits. The Adminis-

trative Law Judge's finding that plaintiff was with fault based partly on these factors is not only unsupported by substantial evidence on the record, but is also not rationally related to any of the facts presented in the record. A fault determination must be made with reference to the individual himself. 20 C.F.R. § 416.552. In addition,

> The Social Security Act is an exceedingly complex and detailed law and the Secretary cannot arbitrarily assume that a plaintiff understood its application to his particular situation. *Kendrick v. Califano,* 460 F.Supp. 561, 572 (E.D.Va.1978).

Similarly,

> The regulations dealing with the repayment presuppose that there will be situations in which improper payments are received and retained and the recipient is not at fault. Accordingly, it is clear that recipients are not always deemed to have knowledge of the law or to be charged with negligence for failure to know it. Rather, all the surrounding circumstances must be taken into account before a finding of negligence can properly be made. *Cucuzzella v. Weinberger,* 395 F.Supp. 1288, 1295 (D.C.Del.1975).

The Administration Law Judge's conclusion that plaintiff knew or should have known of the overpayment in light of her education and work experiences fails to take into consideration considerable evidence to the contrary. If reliance has been placed on one portion of the record to the disregard of overwhelming evidence to the contrary, the reviewing court must decide against the Secretary. *Szumowski v. Weinberger,* 401 F.Supp. 1015, 1016 (E.D.Pa. 1975). A review of the hearing transcripts reveals that plaintiff is an inarticulate woman who becomes easily confused. She was seventy years old during the period in question and in ill health, due to a heart condition. (Tr. 57, 100). Her former and customary work was that of an unskilled domestic. (Tr. 41–43). Thus, to assert that plaintiff was aware that she was overpaid because she was able to read and write to a certain degree is a conclusion without a factual basis in this record.

Furthermore, there is no rational basis for assuming that plaintiff knew or should have known she would be overpaid SSI when she received the lump–sum RIB. The size of the lump–sum check was not of such magnitude as to alert her that there was a possibility of SSI overpayment. The record provides no guidance as to how she could determine that she was overpaid. Plaintiff testified that nothing she ever read indicated to her that she was not entitled to any of the money (Tr. 55), and that she was under the impression that she was entitled to the lump–sum. (Tr. 38). In addition, plaintiff testified that she immediately reported the receipt of the lump–sum RIB check to the Social Security Administration, and as far as she was concerned, she had complied with the reporting requirement as set forth in the SSI application. In short, the Administrative Law Judge's determination that plaintiff knew or should have known of the overpayment because she is literate and had been employed is not supported by substantial evidence on the record, nor is such a finding reasonably related to any of the evidence presented in the record.

An additional factor upon which the Administrative Law Judge based his finding of fault was that "claimant had been receiving welfare from the state and had had experience with offsetting, combining, or maximizing different benefits." (Tr. 15). There are no facts in the record to substantiate the conclusion that plaintiff was experienced at offsetting, combining or maximizing different benefits. As plaintiff has noted in her brief at 8,

Mrs. Davidson received no benefits other than welfare, and did not even apply for RIB until she was sixty–nine years old, four years after she was eligible and upon the advice of her Department of Welfare caseworker (Tr. 46–47). Furthermore, under Pennsylvania welfare regulations, an eligible individual must apply for and accept SSI in lieu of state public assistance grants. While her SSI claim was pending, plaintiff received welfare which was appropriate since she had

no other income. (Tr. 47, 56). Once her SSI application was approved in October, 1974, Mrs. Davidson no longer received welfare. Thus, plaintiff was not engaged in offsetting, combining and maximizing different benefits.

The Administrative Law Judge found:

4. That recovery of the overpayment would defeat the purpose of Title II of The Social Security Act.

A careful review of the record reveals that this finding is supported by substantial evidence on the record as a whole. The finding was based upon evidence that at the time of her hearing on June 21, 1978, claimant had expenses of approximately $285.00 per month. The Administrative Law Judge concluded that "Because of inflation and perhaps other necessary expenses concerned with aging, it is the conclusion of the Administrative Law Judge that the claimant probably has monthly expenses involving necessities which would exceed her combined supplemental security income and retirement insurance benefits even without the $20.00 per month reduction to repay the overpayment." (Tr. 15). To defeat the purpose of Title II is defined by the Secretary as "to deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508. In addition, this determination depends upon "whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such needs." Plaintiff testified that she has no other source of income other than SSI and RIB, lives in a rented apartment, does not own a car, has no life insurance, and no medical insurance other than Medicare. She receives $133.50 per month in RIB and $76.50 from SSI, after the $20.00 per month deduction. In addition, plaintiff testified to monthly expenses of $75.00 for rent, $22.00 for gas and electric, $30.00 per week for food and other incidental monthly expenses totaling around $50.00. We are satisfied that the record presents substantial evidence to support the finding of the Administrative Law Judge that recovery of the

overpayment would defeat the purpose of Title II.

Accordingly, for the reasons hereinabove set forth, this Court will enter an order granting plaintiff's motion for summary judgment and denying the defendant's motion for summary judgment. The claimant requested in the alternative that in the event summary judgment could not be entered for her, that the matter be remanded to the Secretary for a hearing de novo. The Court has considered remanding this matter for the purpose of taking additional testimony but finds there is no basis in this record indicating that additional testimony would support a conclusion other than summary judgment in favor of the plaintiff.